# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SHOP-VAC MARKETING AND SALES PRACTICES LITIGATION | : : : | MDL No. 2380 |
| _____ | : : | Civil Action No. 4:12-md-2380 |
| THIS DOCUMENT RELATES TO: | : : | (Chief Judge Kane) |
| ALL CASES | : | |

## CASE MANAGEMENT ORDER NO. 2
## RE: CASE MANAGEMENT CONFERENCE

**AND NOW**, on this 12th day of October 2012, upon consideration of the order of the Court entitled Case Management Order No. 1 (Doc. No. 19), which created procedures for the administration of the above-captioned matter, and the Court finding it necessary to schedule an initial case management conference for the continued management thereof, **IT IS HEREBY ORDERED THAT**:

1. An initial case management conference is scheduled for Tuesday November 13, 2012 at 1:30 p.m. in Courtroom No. 2, Ninth Floor, Federal Building, Harrisburg, Pennsylvania..

2. **Attendance.** To minimize costs and facilitate a manageable conference, parties are not required to participate in the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service. Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to join in the conference.

3. **Telephonic attendance.** Counsel that are unable to participate in-person may

telephonically participate in the conference.

    a.    The Court will utilize the services of CourtCall for the initial conference and for future conferences. Counsel who wish to participate telephonically must register with CourtCall by calling (866) 582-6878 or by completing the online registration form available at [www.courtcall.com](http://www.courtcall.com).

    b.    CourtCall will provide counsel with a telephone number to be used for participation in the initial case management conference. CourtCall will also send counsel confirmation of appearance via email or facsimile.

    c.    Counsel must dial into the CourtCall system at least ten minutes prior to the initial case management conference. It is counsel's obligation to initiate the call. Neither the Court nor CourtCall are responsible for calling conference participants.

    d.    The use of cellular phones for the conference is discouraged due to the possibility of dropped connections. It is the obligation of counsel to reconnect to the conference in the event that a call becomes disconnected.

    e.    The mute function on all telephones must be engaged except when speaking.

    f.    Counsel must identify themselves for the record each time they speak.

    g.    Counsel are responsible for their own expenses incurred through the use of CourtCall services. All costs will be billed directly by CourtCall according to the terms of its service agreement. The Court assumes no responsibility for billing or payment of costs. All billing inquires should be directed to CourtCall at the telephone number specified in Paragraph 3.a.

4.    **Purposes and agenda.** The conference will be held for the purposes specified in Rules 16 and 26 of the Federal Rules of Civil Procedure and shall be subject to the sanctions prescribed by Rule 16(f). The subjects for consideration at the conference include those matters set forth in Rule 16(b) and (c). Counsel are encouraged to advise the Court as soon as possible of any items that should be added to the agenda, as specified in Paragraph 7 below.

5.    **Procedures for complex litigation.** Counsel are expected to familiarize

themselves with the *Manual for Complex Litigation, Fourth* and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

6. **Initial conference of counsel.** Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial.

7. **Proposed case management plan and agenda.** Counsel shall confer prior to the initial conference to develop a proposed case management plan and agenda for the conference. Counsel shall file the proposed case management plan and agenda on or before November 6, 2012. Counsel should include, at a minimum, the following matters in their proposed case management plan and agenda:

    a. **Lead and liaison counsel.** A mechanism for appointment of lead and liaison counsel, including a proposed organizational structure.

    b. **Consolidation.** The feasability of consolidating all cases into a single action.

    c. **Scheduling of class action affairs.** Plans for prompt determination of class action affairs, including a schedule for discovery and briefing of class issues.

    d. **Discovery.** The scope of discovery and procedures for resolving discovery disputes.

    e. **Electronic discovery.** A proposed format for the exchange of electronic documents. Parties shall address issues that may arise from the alteration of data that routinely occurs when paper documents are converted into digital form and when digital documents are converted from one form to another. They should also discuss procedures to handle the preservation and production of digital evidence, including the use of document depositories and computerized storage.

    f. **Confidentiality and privilege.** Procedures or protective orders for the handling of claims of confidentiality and privilege.

    g. **Deadlines for expert discovery and dispositive motions.** Appropriate timetables and deadlines for conducting expert and non-expert discovery,

producing expert reports, and filing dispositive motions.

      h.     **Mediation.**  Proposed mediation procedures.

8.     **Position statements.**  Plaintiffs and Defendants shall each submit a brief, on or before November 6, 2012, addressing the following:

      a.     The factual and legal background of these cases.

      b.     The procedural posture of the cases and potential of tag-along cases.

      c.     Any currently pending motions, and those issues that the parties currently view as critical.

      d.     The identity of any other related actions pending in state or federal courts.

These statements will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings.  These briefs shall be filed separately from and in addition to the proposed case management plan and agenda required by Paragraph 7 above.  The parties shall be limited to one such submission for all Plaintiffs and one such submission for all Defendants.

9.     **Nomination of interim liaison counsel.**  Two groups of Plaintiffs have moved to be considered as interim lead and liaison counsel.  Prior to the initial case management conference, counsel shall confer and designate interim liaison counsel without judicial intervention.  Interim liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of orders and notices to the parties therein.  Interim liaison counsel are also authorized to receive orders and notices from the JPML on behalf of all parties within their liaison group and shall be responsible for transmitting copies thereof to members of the group.  The Court will address the pending motions for appointment of interim counsel at the case management conference, to the extent that the parties are unable to reach a consensus prior to that date.

                                              S/ Yvette Kane
                                              Chief Judge Yvette Kane
                                              United States District Court
                                              Middle District of Pennsylvania