IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SHOP-VAC MARKETING AND SALES PRACTICES LITIGATION | : : : : : : : | MDL No. 2380 |
| | | Civil Action No. 4:12-md-2380 |
| THIS DOCUMENT RELATES TO: | | (Chief Judge Kane) |
| ALL CASES | | |

## MEMORANDUM

Before the Court are two competing motions for appointment as interim class counsel. First, Plaintiffs Alan McMichael, Andrew Harbut, Clay Scott, and Scott Mahoney moved: (1) for the appointment of Milberg LLP, Lax LLP, and Faruqi & Faruqi LLP as interim class counsel; (2) for the appointment of Dilworth Paxson LLP as interim liaison counsel; and (3) the appointment of Milberg LLP, Lax LLP, Faruqi & Faruqi LLP, Lite DePalma Greenberg LLC, Baron & Herskowitz, Reese Richman LLP, and PinilisHalpern LLP as interim executive committee members. (Doc. No. 11.) The Court will refer to this group of attorneys as the Milberg Group. Next, Plaintiffs Emanuele DiMare, Deborah Blaylock, Igor Selizhuk, Fred Phillips, Charles Kates, and Walt Lavespere opposed the Milberg Group's motion, and moved: (1) for the appointment of Charles Schaffer, of the law firm Levin Fishbein Sedran & Berman as interim lead counsel; and (2) for the appointment of J. Christopher Munley of the law firm Munley, Munley & Cartwright as interim liaison counsel. (Doc. No. 25.) The Court will refer to this group of lawyers as the Schaffer Group. The motions have been fully briefed, and the Court held oral argument concerning the motions on December 12, 2012. For the reasons that follow, the Court will grant the Milberg Group's motion, and deny the Schaffer Group's motion.

**I.     BACKGROUND**

The above-captioned multidistrict litigation (MDL) consists of ten coordinated cases in which numerous plaintiffs allege that Defendants Shop-Vac and/or Lowes misrepresented the horsepower of Shop-Vac's wet/dry vacuums. From February 6, 2012 through May 3, 2012, several plaintiffs – represented by different attorneys now comprising the Milberg Group – initiated six separate cases in federal and state courts in New Jersey and California. (See Doc. No. 12 at 7.) Two of those actions have since been voluntarily dismissed. Thereafter, several other plaintiffs initiated actions in various federal courts throughout the United States. Most of the attorneys in these later-filed cases have joined together as the Schaffer Group.

On August 16, 2012, the Judicial Panel on Multidistrict Litigation (JPML) transferred six cases to this Court for coordination of pretrial proceedings. (Doc. No. 1.) The JPML has since transferred a number of other cases to this Court to be coordinated with this MDL. (Doc. Nos. 9, 22.) On August 24, 2012, the Milberg Group filed its motion to be appointed as interim counsel. (Doc. No. 11.) On August 29, 2012, the Court issued an order coordinating the actions transferred by the JPML, along with all tag-along actions. (Doc. No. 19.) On September 10, 2012, the Schaffer Group filed its opposition to the Milberg Group's motion, arguing that it should be appointed as interim counsel instead. (Doc. No. 25.)

## II. LEGAL STANDARD

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In complex cases, appointment of interim class counsel can clarify the responsibilities of the parties prior to class certification. Manual for Complex Litigation (Fourth) § 21.11. The same factors governing the appointment of class counsel apply

when appointing interim class counsel. E.g., In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Rule 23(g)(1) provides that a Court appointing class counsel:

> (A) must consider:
>
>> (i) the work counsel has done in identifying or investigating potential claims in the action;
>>
>> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>>
>> (iii) counsel's knowledge of the applicable law; and
>>
>> (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
>
> (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and
>
> (E) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1). When more than one adequate applicant is seeking appointment as interim class counsel, the Court must "appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

## III. DISCUSSION

Application of the factors set forth in Rule 23(g)(1) would support the appointment of either the Milberg Group or the Schaffer Group as interim counsel for the putative class. Both

groups of attorneys have demonstrated significant experience in handling class actions, including MDLs. See Fed. R. Civ. P. 23(g)(1)(A)(ii). Both groups of attorneys appear to have a strong command of the applicable law. See Fed. R. Civ. P. 23(g)(1)(A)(iii). Moreover, the Court is satisfied that both groups of attorneys have significant resources that they are willing to commit to representing the putative class. See Fed. R. Civ. P. 23(g)(1)(A)(iv). Furthermore, the Court is confident that either group would aid the Court in achieving efficiency without jeopardizing fairness to the parties. See Manual for Complex Litigation (Fourth) § 10.221.

While three of the four factors set forth in Rule 23(g)(1)(A) would support either group of attorneys, the Court finds that the expertise, organization, and leadership ability demonstrated by the Milberg Group renders it most qualified to further the interests of all putative class members. The Milberg Group has conducted thorough and extensive pre-filing investigation and testing of the potential claims and initiated legal action months in advance of other applicants. Consideration of "the work counsel has done in identifying or investigating potential claims in the action" leads the Court to determine that the Milberg Group is better suited to represent the putative class. See Fed. R. Civ. P. 23(g)(1)(A)(i). While other counsel also claim to have conducted some investigative work, no claimed efforts appear to pre-date the Milberg Group's work.[1]

The Milberg Group has documented its work and investigative efforts to the Court in

---

[1] The Schaffer Group asserts that it began researching small motor claims relating to household appliances and other electrical tools beginning in late 2011. (Doc. No. 25 at 12.) It asserts that it conducted in-house studies using tools to measure electrical motor power, and independently determined that it would be impossible to generate the advertised horsepower safely in a consumer environment. (Id.) However, beyond this limited description of its investigation, the Schaffer Group has not provided substantial information about the work or investigations that it has performed.

sufficient detail to satisfy that Court that it has conducted a comprehensive investigation, and made a significant investment in time and resources such that its commitment to this litigation is unquestioned. The Milberg Group has commissioned independent lab tests, retained a consulting expert, and retained a marketing expert in anticipation of the class certification motion. (Doc. No. 12 at 12.) Whereas the Schaffer Group asserts that it began researching small motor claims in late 2011, and began considering claims against wet/dry vacuum manufacturers as early as March 2012, the Milberg Group had already initiated claims as early as February 2012. The Milberg Group has satisfied the Court that it has conducted more significant work in investigating and identifying potential claims in this action.

Additionally, the Milberg Group has shown an ability to organize counsel to work together. Prior to the initiation of the MDL, the Milberg Group coordinated nine law firms and agreed to dismiss cases in California in favor of a more centralized effort in New Jersey. (See Doc. No. 52 at 21, 28.) This type of cooperation demonstrates an ability to lead and coordinate the efforts of multiple law firms in a complex case such as this one.

The Schaffer Group urges the Court to appoint it as interim class counsel because, inter alia, it has the support of a majority of the plaintiffs and law firms involved in this case. (Doc. No. 25 at 9-10; Doc. No. 52 at 30-31.) Indeed, Courts have recognized the importance of "private ordering" in choosing between competing motions for appointment as interim class counsel. See In re Geneticall Modified Rice Litig., No. 4:06-md-1811 (E.D. Mo. Apr. 18, 2007). However, other Courts have noted that appointment of counsel "is not supposed to be a popularity contest, and the number of attorneys supporting a given candidacy is not included among the factors set forth in Rule 23(g)." In re Air Cargo Shipping Servs. Antitrust Litig., 240

F.R.D. at 58. Because application of the factors listed in Rule 23(g) supports the appointment of the Milberg Group's suggested leadership structure, the Court will grant the Milberg Group's motion.

## IV. CONCLUSION

While both groups of attorneys have satisfied the Court that they have sufficient experience, adequate knowledge of the applicable law, and sufficient resources to adequately represent the putative class, the Milberg Group has demonstrated that it has conducted more significant work in identifying and investigating potential claims, and has already successfully coordinated the effots of counsel in multiple courts. Consideration of the factors set forth in Rule 23(g) leads the Court to conclude that it is the group that is best able to represent the interests of the putative class. Thus, the Court will grant the Milberg Group's motion.

A case management order appointing the Milberg Group as interim counsel, and setting deadlines, will issue separately.

S/ Yvette Kane
Chief Judge Yvette Kane
United States District Court
Middle District of Pennsylvania

Dated: January 17, 2013