**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: SHOP-VAC MARKETING | : | MDL No. 2380 |
| AND SALES PRACTICES | : | |
| LITIGATION | : | |
| | : | Civil Action No.: 4:12-md-02380-YK |
| _____ | : | |
| THIS DOCUMENT RELATES TO: | : | (Hon. Yvette Kane) |
| | : | |
| ALL CASES | : | |
| | : | |

**<u>ANSWER TO SECOND CONSOLIDATED
AMENDED COMPLAINT
BY DEFENDANTS SHOP-VAC CORPORATION AND LOWE'S HOME
CENTERS, LLC</u>**

Defendants Shop-Vac Corporation ("Shop-Vac") and Lowe's Home

Centers, LLC[1] ("Lowe's) (collectively, "Defendants") hereby respond to Plaintiffs

Andrew Harbut, Alan McMichael, and Kris Reid's (collectively, "Plaintiffs")

Second Consolidated Amended Complaint (Doc. No. 97) (the "SCAC") as follows:

**INTRODUCTION**

1.      Answering Paragraph 1 of the SCAC, Defendant Shop-Vac admits

that it manufactures and sells wet/dry vacuums.  Defendant Lowe's admits that it

operates retail stores and sells Shop-Vac brand wet/dry vacuums.  As to the

remaining allegations contained in Paragraph 1, Defendants deny each and every

---

[1]   In or around late 2013, Lowe's Home Centers, LLC, a North Carolina
limited liability company, became the successor entity to Lowe's Home Centers,
Inc., and Lowe's HIW, Inc.

such allegation.

2.     Answering Paragraph 2 of the SCAC, Defendants deny each and every allegation contained therein.

3.     Answering Paragraph 3 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 pertaining to "representations" that "were important for Plaintiffs," and pertaining to Plaintiffs' claim they would "not otherwise have bought the products," and, on that basis, deny the allegations.  As to the remaining allegations contained in Paragraph 3, Defendants deny each and every such allegation.

4.     Answering Paragraph 4 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 pertaining to what "Plaintiffs' consulting experts have shown" and, on that basis, deny each and every such allegation.  As to the remaining allegations contained in Paragraph 4, Defendants deny each and every such allegation.

**JURISDICTION**

5.     Answering Paragraph 5 of the SCAC, Defendants admit that this Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332(d).  However, Defendants are without sufficient knowledge or information to form a belief as to

the truth of the remaining allegations contained in Paragraph 5 and, on that basis, deny each and every such allegation.

6.      Answering Paragraph 6 of the SCAC, Defendants admit that venue in this District for purposes of consolidated pre-trial proceedings is proper and that Defendants sold and likely caused Shop-Vac wet/dry vacuums to be marketed in this District.

## THE PARTIES

7.      Answering Paragraph 7 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, deny each and every allegation contained therein.

8.      Answering Paragraph 8 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, deny each and every allegation contained therein.  As to those allegations contained in Paragraph 8 pertaining to Plaintiff McMichael's purported "notice" to Defendants and Plaintiff McMichael's alleged inclusion in the "class of persons" identified in Plaintiff Reid's purported "notice," no response is required insofar as the Court found such notice insufficient as a matter of law.  (*See* Doc. No. 115, Memorandum at 15-16; Doc. No. 116, Order at ¶¶ 1 and 3.)

9.     Answering Paragraph 9 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, deny each and every allegation contained therein.  As to those allegations contained in Paragraph 9 pertaining to Plaintiff Reid's purported "pre-suit notice," Defendant Shop-Vac admits that it received a letter from Plaintiff Reid's counsel on or about April 27, 2012 (approximately two business days prior to the filing of Plaintiff Reid's complaint in the Central District of California), but denies that such letter constitutes adequate pre-suit notice.

10.     Answering Paragraph 10 of the SCAC, Shop-Vac admits that it is a corporation organized under the laws of the State of New Jersey, that its corporate headquarters is located at 2323 Reach Road, Williamsport, Pennsylvania, and that it manufactures and sells wet/dry vacuums, some of which are marketed in "series" such as those listed in Paragraph 10.  As to the remaining allegations contained in Paragraph 10, Defendants deny each and every such allegation.

11.     Answering Paragraph 11 of the SCAC, Defendant Lowe's admits that Lowe's Home Centers, Inc. ("HCI") was formerly a North Carolina corporation with principal office located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina, and that HCI was one of the two primary operating subsidiaries of Lowe's Companies, Inc., a holding company.  Defendant Lowe's avers that

Lowe's Home Centers, LLC, a North Carolina limited liability company, is the successor entity to HCI and now operates Lowe's retail locations.  The principal office of Lowe's Home Centers, LLC is located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina.  Defendants admit that, among Lowe's many products, Lowe's sells Shop-Vac brand wet/dry vacuums.  As to the remaining allegations contained in Paragraph 11, Defendants deny each and every such allegation.

12.     Answering Paragraph 12 of the SCAC, Defendant Lowe's admits that Lowe's HIW, Inc. ("HIW") was a Washington corporation with its headquarters in Tukwila, Washington, and that HIW was one of the two primary operating subsidiaries of Lowe's Companies, Inc., a holding company.  Defendant Lowe's avers that Lowe's Home Centers, LLC, a North Carolina limited liability company is the successor entity to HIW, and now operates Lowe's retail locations.  The principal office of Lowe's Home Centers, LLC is located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina.  Defendants admit that, among Lowe's many products, Lowe's sells Shop-Vac brand wet/dry vacuums.  As to the remaining allegations contained in Paragraph 12, Defendants deny each and every such allegation.

13.     Paragraph 13 of the SCAC contains no allegations of fact, and therefore no response by Defendants to Paragraph 13 is required.  To the extent a

response is required, Defendants deny each and every allegation contained therein.

## FACTS

**Shop-Vac Misrepresents the Horsepower of Its Vacuums[2]**

14.     Answering Paragraph 14 of the SCAC, Defendants admit that James Watt is widely reputed as having "coined" the term "horsepower" and that a "watt" is a unit of power as recognized by the International System of Units, also known as "SI."  As to the remaining allegations contained in Paragraph 14, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, deny each and every such allegation.

15.     Answering Paragraph 15 of the SCAC, Defendants admit that horsepower is one measurement of power and that in an electrical calculation one horsepower is equal to approximately 746 watts.  As to the remaining allegations contained in Paragraph 15, Defendants deny each and every such allegation.

16.     Answering Paragraph 16 of the SCAC, Defendants deny each and every allegation contained therein.

17.     Answering Paragraph 17 of the SCAC, Defendants deny each and

---

[2]  In order to aid the Court, Defendants incorporate herein the subheadings Plaintiffs use in the SCAC, verbatim.  Defendants' incorporation of such SCAC subheadings shall not be deemed admissions by Defendants, nor the adoption of any facts, allegations, or arguments contained in, or implied by, the SCAC subheadings.

every allegation contained therein.

18.     Answering Paragraph 18 of the SCAC, Defendants deny each and every allegation contained therein.

19.     Answering Paragraph 19 of the SCAC, Defendants deny each and every allegation contained therein.

20.     Answering Paragraph 20 of the SCAC, Defendants admit that one meaning of the term "horsepower" is that it is a measurement of the work performed by a motor.  As to the remaining allegations contained in Paragraph 20, Defendants deny each and every such allegation.

21.     Answering Paragraph 21 of the SCAC, Defendants admit that the formula recited by Plaintiffs is one method of calculating horsepower.  As to the remaining allegations contained in Paragraph 21, Defendants deny each and every such allegation.

22.     Answering Paragraph 22 of the SCAC, Defendants admit that the current National Electrical Code standard for the circuit breaker rating in a residential dwelling is between 15 and 20 amps.  As to the remaining allegations contained in Paragraph 22, Defendants deny each and every such allegation.

23.     Answering Paragraph 23 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 pertaining to "Plaintiffs' tests," and, on that

basis, deny each and every such allegation.  As to the remaining allegations

contained in Paragraph 23, Defendants deny each and every such allegation.

**Shop-Vac's Misrepresentations Concerning the Terms "Peak Horsepower"**

24.     Answering Paragraph 24 of the SCAC, Defendants deny each and

every allegation contained therein.

25.     Answering Paragraph 25 of the SCAC, Defendants deny each and

every allegation contained therein.

26.     Answering Paragraph 26 of the SCAC, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the

allegations contained in Paragraph 26 pertaining to how the "Power Tool Institute"

purportedly "defines 'peak horsepower,'" and, on that basis, deny each and every

such allegation.  Defendants respectfully refer the Court to the quoted material for

the contents thereof.

27.     Answering Paragraph 27 of the SCAC, Defendants admit that

Underwriters Laboratories is a prominent industry standard setting organization,

and that UL has a written standard entitled "UL-1017."  As to the remaining

allegations contained in Paragraph 27, Defendants deny each and every such

allegation, and Defendants respectfully refer the Court to UL-1017 for the contents

thereof.

28.     Answering Paragraph 28 of the SCAC, Defendants deny each and

every allegation contained therein.

**Plaintiffs' Independent Tests**

29.     Answering Paragraph 29 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 and, on that basis, deny each and every allegation contained therein.

30.     Answering Paragraph 30 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, deny each and every allegation contained therein, including footnote 2 to the SCAC.

31.     Answering Paragraph 31 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 and, on that basis, deny each and every allegation contained therein.

32.     Answering Paragraph 32 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, deny each and every allegation contained therein.

33.     Answering Paragraph 33 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in Paragraph 33 and, on that basis, deny each and every allegation contained therein.

34.     Answering Paragraph 34 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, deny each and every allegation contained therein.

35.     Answering Paragraph 35 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, deny each and every allegation contained therein, including footnote 3 to the SCAC.

36.     Answering Paragraph 36 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, deny each and every allegation contained therein.

37.     Answering Paragraph 37 of the SCAC, Defendants deny each and every allegation contained therein.

**Shop-Vac's Horsepower Claims, If True, Would Violate Industry Standards**

38.     Answering Paragraph 38 of the SCAC, Defendants deny each and every allegation contained therein.

39.     Answering Paragraph 39 of the SCAC, Defendants admit that various

standards govern ratings and testing protocols for electrical devices and that the

National Electrical Code (NEC); Canadian Standards Association (CSA); and

International Electrotechnical Commission (IEC) are examples of bodies that set

such standards.

40.     Answering Paragraph 40 of the SCAC, Defendants deny each and

every allegation contained therein.

41.     Answering Paragraph 41 of the SCAC, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the

allegations contained in Paragraph 41 and, on that basis, deny each and every

allegation contained therein.

42.     Answering Paragraph 42 of the SCAC, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the

allegations contained in Paragraph 42 and, on that basis, deny each and every

allegation contained therein.

43.     Answering Paragraph 43 of the SCAC, Defendants deny each and

every allegation contained therein.

44.     Answering Paragraph 44 of the SCAC, Defendants deny each and

every allegation contained therein.

45.     Answering Paragraph 45 of the SCAC, Defendants admit that if a

consumer attempted to use an electric motor that operated at 4HP and the

consumer plugged the motor into a standard 120v electric outlet, the motor would likely trip the circuit breaker and exceed the available current before 4 HP was reached.

**Shop-Vac's Claims About Tank Capacity Are False and Misleading To Reasonable Consumers**

46.     Answering Paragraph 46 of the SCAC, Defendants deny each and every allegation contained therein.

47.     Answering Paragraph 47 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 and, on that basis, deny each and every allegation contained therein.

48.     Answering Paragraph 48 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 and, on that basis, deny each and every allegation contained therein.

49.     Answering Paragraph 49 of the SCAC, Defendants deny each and every allegation contained therein.

**Lowe's Misrepresentations Concerning Its Sale of Shop-Vac Vacuums**

50.     Answering Paragraph 50 of the SCAC, Defendants admit that Lowe's sells a line of Shop-Vac brand wet/dry vacuums that is sold exclusively by Lowe's pursuant to specifications that are agreed upon by Lowe's and Shop-Vac.

51.     Answering Paragraph 51 of the SCAC, Defendants admit that certain Shop-Vac brand wet/dry vacuums sold by Lowe's feature a blue trade dress.  As to the remaining allegations contained in Paragraph 51, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning "similarities" between the purported "screenshot from Lowe's" and Plaintiff Harbut's alleged vacuum and, on that basis, Defendants deny each and every such allegation.

52.     Answering Paragraph 52 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 pertaining to what Plaintiffs McMichael and Harbut allege they "observed" and, on that basis, deny each and every such allegation.  As to the remaining allegations contained in Paragraph 52, Defendants deny each and every such allegation.

53.     Answering Paragraph 53 of the SCAC, Defendants deny each and every allegation contained therein.

54.     Answering Paragraph 54 of the SCAC, Defendants deny each and every allegation contained therein, and respectfully refer the Court to the cited document for the contents thereof.

55.     Answering Paragraph 55 of the SCAC, Defendants deny each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

56.     Answering Paragraph 56 of the SCAC, Defendants acknowledge that Plaintiffs purport to bring this action as described in the SCAC and purport to define the putative class as described in the SCAC.  Defendants, however, deny that Plaintiffs have properly defined a class and deny that the proposed class can be certified.

57.     Answering Paragraph 57 of the SCAC, Defendants acknowledge that Plaintiffs McMichael and Harbut purport to represent a "subclass" of consumers. Defendants, however, deny that Plaintiffs have properly defined a subclass and deny that the proposed subclass can be certified.

58.     Answering Paragraph 58 of the SCAC, Defendants acknowledge that Plaintiffs purport to exclude certain individuals from the putative class definition as described in the SCAC.  Defendants, however, deny that Plaintiffs have properly defined a class and deny that the proposed class can be certified.

59.     Paragraph 59 of the SCAC contains no allegations of fact, and therefore no response by Defendants to Paragraph 59 is required.  To the extent a response to Paragraph 59 is required, Defendants deny each and every allegation contained therein.

60.     Answering Paragraph 60 of the SCAC, Defendants deny each and every allegation contained therein.

61.     Answering Paragraph 61 of the SCAC, Defendants deny each and every allegation contained therein, including each and every allegation contained in the subparts of Paragraph 61.

62.     Answering Paragraph 62 of the SCAC, Defendants deny each and every allegation contained therein.

63.     Answering Paragraph 63 of the SCAC, Defendants deny each and every allegation contained therein.

64.     Answering Paragraph 64 of the SCAC, Defendants deny each and every allegation contained therein.

65.     Answering Paragraph 65 of the SCAC, Defendants deny each and every allegation contained therein.

66.     Answering Paragraph 66 of the SCAC, Defendants deny each and every allegation contained therein.

## COUNT I

**For Violation of the Consumer Fraud Laws of the Fifty States By The Class Against Shop-Vac And Additionally By the Lowe's Subclass Against Lowe's**

67.     Answering Paragraph 67 of the SCAC, Defendants incorporate their preceding answers as if those answers were repeated and alleged verbatim herein.

68.     Answering Paragraph 68 of the SCAC, Defendants deny each and every allegation contained therein.

69.     Answering Paragraph 69 of the SCAC, Defendants deny each and

every allegation contained therein.

70.     Answering Paragraph 70 of the SCAC, Defendants deny each and every allegation contained therein.

71.     Answering Paragraph 71 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 71 is required, Defendants deny each and every allegation contained in Paragraph 71, and respectfully refer the Court to the cited statute for the contents thereof.

72.     Answering Paragraph 72 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 72 is required, Defendants deny each and every allegation contained in Paragraph 72, and respectfully refer the Court to the cited statute for the contents thereof.

73.     Answering Paragraph 73 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 73 is required, Defendants deny each and every allegation contained in Paragraph 73, and respectfully refer the Court to the cited statute for the contents thereof.

74.     Answering Paragraph 74 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 74 is required, Defendants deny each and every allegation contained in Paragraph 74, and respectfully refer the Court to the cited statute for the contents thereof.

75.     Answering Paragraph 75 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 75 is required, Defendants deny each and every allegation contained in Paragraph 75, and respectfully refer the Court to the cited statute for the contents thereof.

76.     Answering Paragraph 76 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 76 is required, Defendants deny each and every allegation contained in Paragraph 76, and respectfully refer the Court to the cited statute for the contents thereof.

77.     Answering Paragraph 77 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 77 is required, Defendants deny each and every allegation contained in Paragraph 77, and respectfully refer the Court to the cited statute for the contents thereof.

78.     Answering Paragraph 78 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 78 is required, Defendants

deny each and every allegation contained in Paragraph 78, and respectfully refer

the Court to the cited statute for the contents thereof.

79.     Answering Paragraph 79 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 79 is required, Defendants

deny each and every allegation contained in Paragraph 79, and respectfully refer

the Court to the cited statute for the contents thereof.

80.     Answering Paragraph 80 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 80 is required, Defendants

deny each and every allegation contained in Paragraph 80, and respectfully refer

the Court to the cited statute for the contents thereof.

81.     Answering Paragraph 81 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 81 is required, Defendants

deny each and every allegation contained in Paragraph 81, and respectfully refer

the Court to the cited statute for the contents thereof.

82.     Answering Paragraph 82 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 82 is required, Defendants

deny each and every allegation contained in Paragraph 82, and respectfully refer

the Court to the cited statute for the contents thereof.

83.    Answering Paragraph 83 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 83 is required, Defendants

deny each and every allegation contained in Paragraph 83, and respectfully refer

the Court to the cited statute for the contents thereof.

84.    Answering Paragraph 84 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 84 is required, Defendants

deny each and every allegation contained in Paragraph 84, and respectfully refer

the Court to the cited statute for the contents thereof.

85.    Answering Paragraph 85 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 85 is required, Defendants

deny each and every allegation contained in Paragraph 85, and respectfully refer

the Court to the cited statute for the contents thereof.

86.    Answering Paragraph 86 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 86 is required, Defendants

deny each and every allegation contained in Paragraph 86, and respectfully refer

the Court to the cited statute for the contents thereof.

87.     Answering Paragraph 87 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 87 is required, Defendants

deny each and every allegation contained in Paragraph 87, and respectfully refer

the Court to the cited statute for the contents thereof.

88.     Answering Paragraph 88 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 88 is required, Defendants

deny each and every allegation contained in Paragraph 88, and respectfully refer

the Court to the cited statute for the contents thereof.

89.     Answering Paragraph 89 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 89 is required, Defendants

deny each and every allegation contained in Paragraph 89, and respectfully refer

the Court to the cited statute for the contents thereof.

90.     Answering Paragraph 90 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 90 is required, Defendants deny each and every allegation contained in Paragraph 90, and respectfully refer the Court to the cited statute for the contents thereof.

91.    Answering Paragraph 91 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 91 is required, Defendants deny each and every allegation contained in Paragraph 91, and respectfully refer the Court to the cited statute for the contents thereof.

92.    Answering Paragraph 92 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 92 is required, Defendants deny each and every allegation contained in Paragraph 92, and respectfully refer the Court to the cited statute for the contents thereof.

93.    Answering Paragraph 93 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 93 is required, Defendants deny each and every allegation contained in Paragraph 93, and respectfully refer the Court to the cited statute for the contents thereof.

94.    Answering Paragraph 94 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 94 is required, Defendants

deny each and every allegation contained in Paragraph 94, and respectfully refer

the Court to the cited statute for the contents thereof.

95.     Answering Paragraph 95 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 95 is required, Defendants

deny each and every allegation contained in Paragraph 95, and respectfully refer

the Court to the cited statute for the contents thereof.

96.     Answering Paragraph 96 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 96 is required, Defendants

deny each and every allegation contained in Paragraph 96, and respectfully refer

the Court to the cited statute for the contents thereof.

97.     Answering Paragraph 97 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 97 is required, Defendants

deny each and every allegation contained in Paragraph 97, and respectfully refer

the Court to the cited statute for the contents thereof.

98.     Answering Paragraph 98 of the SCAC, the allegations contained

therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 98 is required, Defendants deny each and every allegation contained in Paragraph 98, and respectfully refer the Court to the cited statute for the contents thereof.

99.     Answering Paragraph 99 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 99 is required, Defendants deny each and every allegation contained in Paragraph 99, and respectfully refer the Court to the cited statute for the contents thereof.

100.     Answering Paragraph 100 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 100 is required, Defendants deny each and every allegation contained in Paragraph 100, and respectfully refer the Court to the cited statute for the contents thereof.

101.     Answering Paragraph 101 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 101 is required, Defendants deny each and every allegation contained in Paragraph 101, and respectfully refer the Court to the cited statute for the contents thereof.

102.     Answering Paragraph 102 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 102 is required, Defendants deny each and every allegation contained in Paragraph 102, and respectfully refer the Court to the cited statute for the contents thereof.

103.   Answering Paragraph 103 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 103 is required, Defendants deny each and every allegation contained in Paragraph 103, and respectfully refer the Court to the cited statute for the contents thereof.

104.   Answering Paragraph 104 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 104 is required, Defendants deny each and every allegation contained in Paragraph 104, and respectfully refer the Court to the cited statute for the contents thereof.

105.   Answering Paragraph 105 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 105 is required, Defendants deny each and every allegation contained in Paragraph 105, and respectfully refer the Court to the cited statute for the contents thereof.

106.   Answering Paragraph 106 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 106 is required, Defendants deny each and every allegation contained in Paragraph 106, and respectfully refer the Court to the cited statute for the contents thereof.

107.   Answering Paragraph 107 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 107 is required, Defendants deny each and every allegation contained in Paragraph 107, and respectfully refer the Court to the cited statute for the contents thereof.

108.   Answering Paragraph 108 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 108 is required, Defendants deny each and every allegation contained in Paragraph 108, and respectfully refer the Court to the cited statute for the contents thereof.

109.   Answering Paragraph 109 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 109 is required, Defendants deny each and every allegation contained in Paragraph 109, and respectfully refer the Court to the cited statute for the contents thereof.

110.   Answering Paragraph 110 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 110 is required, Defendants deny each and every allegation contained in Paragraph 110, and respectfully refer the Court to the cited statute for the contents thereof.

111.   Answering Paragraph 111 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 111 is required, Defendants deny each and every allegation contained in Paragraph 111, and respectfully refer the Court to the cited statute for the contents thereof.

112.   Answering Paragraph 112 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 112 is required, Defendants deny each and every allegation contained in Paragraph 112, and respectfully refer the Court to the cited statute for the contents thereof.

113.   Answering Paragraph 113 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 113 is required, Defendants deny each and every allegation contained in Paragraph 113, and respectfully refer the Court to the cited statute for the contents thereof.

114.   Answering Paragraph 114 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 114 is required, Defendants deny each and every allegation contained in Paragraph 114, and respectfully refer the Court to the cited statute for the contents thereof.

115.   Answering Paragraph 115 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 115 is required, Defendants deny each and every allegation contained in Paragraph 115, and respectfully refer the Court to the cited statute for the contents thereof.

116.   Answering Paragraph 116 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 116 is required, Defendants deny each and every allegation contained in Paragraph 116, and respectfully refer the Court to the cited statute for the contents thereof.

117.   Answering Paragraph 117 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 117 is required, Defendants deny each and every allegation contained in Paragraph 117, and respectfully refer the Court to the cited statute for the contents thereof.

118.   Answering Paragraph 118 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To

the extent a response to the allegations in Paragraph 118 is required, Defendants

deny each and every allegation contained in Paragraph 118, and respectfully refer

the Court to the cited statute for the contents thereof.

119.    Answering Paragraph 119 of the SCAC, Defendants deny each and

every allegation contained therein.

120.    Answering Paragraph 120 of the SCAC, Defendants deny each and

every allegation contained therein.

## COUNT II

**For Violation of Magnuson-Moss Warranty Act Brought By the Class
Against Shop-Vac and Additionally By the Lowe's Subclass Against Lowe's**

121.    Answering Paragraph 121 of the SCAC, Defendants incorporate their

preceding answers as if those answers were repeated and alleged verbatim herein.

122.    Answering Paragraph 122 of the SCAC, the allegations contained in

this paragraph state conclusions of law to which no response is required.

Defendants respectfully refer the Court to the cited statute for the contents thereof.

123.    Answering Paragraph 123 of the SCAC, the allegations contained in

this paragraph state conclusions of law to which no response is required.

Defendants respectfully refer the Court to the cited statute for the contents thereof.

124.    Answering Paragraph 124 of the SCAC, the allegations contained in

this paragraph state conclusions of law to which no response is required.

Defendants respectfully refer the Court to the cited statute for the contents thereof.

125.   Answering Paragraph 125 of the SCAC, Defendants deny each and every allegation contained therein, and respectfully refer the Court to the cited statute for the contents thereof.

126.   Answering Paragraph 126 of the SCAC, Defendants deny each and every allegation contained therein.

127.   Answering Paragraph 127 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 127 and, on that basis, deny each and every allegation contained therein.

128.   Answering Paragraph 128 of the SCAC, Defendants deny each and every allegation contained therein.

129.   Answering Paragraph 129 of the SCAC, Defendants deny each and every allegation contained therein.

130.   Answering Paragraph 130 of the SCAC, Defendants deny each and every allegation contained therein.  Defendants specifically deny that they "violated the statutory rights" of Plaintiff McMichael as alleged in Paragraph 130 insofar as the Court dismissed with prejudice Plaintiff McMichael's Magnuson-Moss Warranty Act claim.  (*See* Doc. No. 115, Memorandum at 19; Doc. No. 116, Order at ¶ 3.)

## COUNT III

## For Breach of Express Warranty By The Class Against Shop-Vac and Additionally by the Lowe's Subclass Against Lowe's

131.   Answering Paragraph 131 of the SCAC, Defendants incorporate their preceding answers as if those answers were repeated and alleged verbatim herein.

132.   Answering Paragraph 132 of the SCAC, Defendants deny each and every allegation contained therein.

133.   Answering Paragraph 133 of the SCAC, Defendants deny each and every allegation contained therein.

134.   Answering Paragraph 134 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 134 and, on that basis, deny each and every allegation contained therein.

135.   Answering Paragraph 135 of the SCAC, Defendants deny each and every allegation contained therein.

136.   Answering Paragraph 136 of the SCAC, Defendants deny each and every allegation contained therein.

137.   Answering Paragraph 137 of the SCAC, Defendants deny each and every allegation contained therein.

138.   Answering Paragraph 138 of the SCAC, Defendants deny each and every allegation contained therein.  Defendants specifically deny that Plaintiff

McMichael was injured as alleged in Paragraph 138 insofar as the Court dismissed with prejudice Plaintiff McMichael's claim for breach of express warranty.  (*See* Doc. No. 115, Memorandum at 15-16; Doc. No. 116, Order at ¶ 1.)

## COUNT IV

### For Breach of Implied Warranty By the Class Against Shop-Vac and Additionally by the Lowe's Subclass against Lowe's

139.   Answering Paragraph 139 of the SCAC, Defendants incorporate their preceding answers as if those answers were repeated and alleged verbatim herein.

140.   Answering Paragraph 140 of the SCAC, the allegations contained therein state legal conclusions to which no response by Defendants is required.  To the extent a response to the allegations in Paragraph 140 of the SCAC is required, Defendants deny each and every allegation contained therein.

141.   Answering Paragraph 141 of the SCAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 141 pertaining to what Plaintiffs' "expert analysis has determined," and, on that basis, deny each and every such allegation. As to the remaining allegations contained in Paragraph 141, Defendants deny each and every such allegation.

142.   Answering Paragraph 142 of the SCAC, Defendants deny each and every allegation contained therein.

143.   Answering Paragraph 143 of the SCAC, Defendants deny each and

every allegation contained therein.  Defendants specifically deny that Plaintiff

McMichael was injured as alleged in Paragraph 143 insofar as the Court dismissed

with prejudice Plaintiff McMichael's claim for breach of implied warranty.  (*See*

Doc. No. 115, Memorandum at 18; Doc. No. 116, Order at ¶ 1.)

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the SCAC, Defendants pray for

judgment on the SCAC as follows:

1.    That Plaintiffs take nothing by reason of their SCAC;

2.    That the SCAC be dismissed in its entirety with prejudice;

3.    That Plaintiffs be denied any relief whatsoever against Defendants;

4.    That Defendants recover their costs, disbursements, and reasonable

       attorneys' fees in this action; and

5.    For such other and further relief as the Court may deem just and

       proper.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendants' Separate and Affirmative Defenses are set forth below.  By

alleging the following defenses, however, Defendants do not assume the burden of

proof on matters and issues other than those on which Defendants have the burden

of proof as a matter of law.

## SEPARATE DEFENSE NO. 1

144.   Plaintiffs' SCAC fails to state any claim upon which relief can be granted, and therefore ought to be dismissed.

## SEPARATE DEFENSE NO. 2

145.   Plaintiffs' action is not properly maintained as a class action, because the requirements under federal law for class certification are not met and because certification of the proposed class, and subclass, would result in a denial of due process to Defendants as well as to the proposed class, and subclass.

## SEPARATE DEFENSE NO. 3

146.   The claims asserted in the SCAC are barred, in whole or in part, to the extent that there is no legal injury, including no injury to persons who purchased the products in question and who experienced no problems with such products.

## SEPARATE DEFENSE NO. 4

147.   Plaintiffs' claims and/or the claims of some or all of the members of the proposed class and subclass are barred under applicable law by the economic loss doctrine.

## SEPARATE DEFENSE NO. 5

148.   Any claims for damages or other monetary recovery by Plaintiffs or on behalf of persons claimed to be members of the proposed class and subclass must be offset or reduced by the value received from the products purchased.

## SEPARATE DEFENSE NO. 6

149.   Plaintiffs' claims and/or the claims of some or all of the members of the proposed class and subclass are barred, in whole or in part, by the doctrine set forth in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), as applying Pennsylvania law to a nationwide class would, *inter alia*, violate due process.

## SEPARATE DEFENSE NO. 7

150.   Plaintiffs' claims and/or the claims of some or all of the members of the proposed class and subclass are time-barred, in whole or in part, under the applicable statute of limitations and/or statute of repose.

## SEPARATE DEFENSE NO. 8

151.   Plaintiffs' claims and/or the claims of some or all of the members of the proposed class and subclass are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## SEPARATE DEFENSE NO. 9

152.   Plaintiffs and/or some or all of the members of the proposed class and subclass are barred from recovery, in whole or in part, because they have made statements or taken actions that estop them from asserting their claims.

## SEPARATE DEFENSE NO. 10

153.   Plaintiffs' claims and/or the claims of some or all of the members of the proposed class and subclass are barred, in whole or in part, because Plaintiffs

and members of the proposed class and subclass cannot meet their burden of

showing that any acts, conduct, statements, or omissions on the part of Defendants

were likely to mislead.

## SEPARATE DEFENSE NO. 11

154.   Plaintiffs' claims and/or the claims of some or all of the members of

the proposed class and subclass are barred, in whole or in part, because Plaintiffs

and members of the proposed class and subclass were not actually deceived by

and/or did not rely on any statements or omissions on the part of Defendants in

deciding whether to purchase the products that are the subject of this lawsuit.

## SEPARATE DEFENSE NO. 12

155.   Plaintiffs and/or some or all of the members of the proposed class and

subclass are barred from recovery, in whole or in part, due to the intervening cause

of another party.

## SEPARATE DEFENSE NO. 13

156.   Plaintiffs and/or some or all of the members of the proposed class and

subclass whose products have been altered, modified, or changed since the

products' original purchase are barred, in whole or in part, from recovery.

## SEPARATE DEFENSE NO. 14

157.   Plaintiffs and/or some or all of the members of the proposed class and

subclass whose products have been sold, returned, refunded, destroyed, damaged,

altered, or otherwise disposed of are barred, in whole or in part, from recovery.

## SEPARATE DEFENSE NO. 15

158.   Plaintiffs and members of the proposed class and subclass may not seek equitable relief because they have an adequate remedy at law.

## SEPARATE DEFENSE NO. 16

159.   Plaintiffs' claims and/or the claims of some or all of the members of the proposed class and subclass are barred, in whole or in part, to the extent they have failed to mitigate damages and/or have caused some or all of the alleged damage of which they now complain.

## SEPARATE DEFENSE NO. 17

160.   If any persons or entities claiming to be members of the proposed class and subclass have released claims, they may be barred from recovery, in whole or in part, by such releases.

## SEPARATE DEFENSE NO. 18

161.   If any persons claiming to be members of the proposed class and subclass have resolved similar or the same claims as those alleged in Plaintiffs' SCAC, they may be barred from recovery, in whole or in part, on the grounds that they are subject to the defense of accord and satisfaction.

## SEPARATE DEFENSE NO. 19

162.   Plaintiffs and their counsel have failed to join as parties to this action

all persons and entities who would be necessary parties for adjudication of the claims of Plaintiffs and/or members of the proposed class and subclass.

## SEPARATE DEFENSE NO. 20

163.   The relief sought by Plaintiffs is tantamount to a request for punitive damages and is barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, among other provisions.

## SEPARATE DEFENSE NO. 21

164.   The relief sought by Plaintiffs is tantamount to a request for punitive damages and is barred by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## SEPARATE DEFENSE NO. 22

165.   Plaintiffs' claims and/or the claims of some or all of the members of the proposed class and subclass are barred, in whole or in part, to the extent that they failed to provide adequate notice as required by the relevant state or federal statutes or the common law.

## SEPARATE DEFENSE NO. 23

166.   The claims of Plaintiffs and/or members of the proposed class and subclass are barred, in whole or in part, to the extent that Plaintiffs and/or members of the proposed class and subclass lack standing.

## SEPARATE DEFENSE NO. 24

167.   Plaintiffs' claims and/or the claims of some or all of the members of the proposed class and subclass are barred because Defendants' business practices, as alleged in the SCAC, are not unlawful, deceptive, or unfair in that the practices were justified because they were made in a good faith effort to protect Defendants' legitimate business interests.

## SEPARATE DEFENSE NO. 25

168.   Plaintiffs' claims and/or the claims of some or all of the proposed class and subclass for breach of warranty are barred, in whole or in part, to the extent that such warranties are disclaimed by Defendants, and to the extent notice was not given properly under applicable law.

## SEPARATE DEFENSE NO. 26

169.   At this time, Defendants have insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiffs and on behalf of persons claimed to be members of the proposed class.  Defendants, therefore, reserve the right to raise additional defenses as appropriate.

## DEMAND FOR TRIAL BY JURY

170.   Defendants demand a trial by jury of all issues so triable.


Dated:  July 31, 2014                    By: /s/ Michael B. Shortnacy
                                                  Michael L. Mallow (*pro hac vice*)
                                                  mmallow@loeb.com
                                                  Michael B. Shortnacy (*pro hac vice*)
mshortnacy@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: (310) 282-2000
Facsimile: (310) 282-2200

Thomas G. Collins
Buchanan Ingersoll & Rooney PC
409 N. Second Street, Suite 500
Harrisburg, PA  17101
Telephone: (717) 237-4843
Facsimile: (717) 233-0852

*Attorneys for Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I, Michael B. Shortnacy, hereby state that I have this day caused the foregoing Answer to Second Consolidated Amended Complaint by Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC to be transmitted to the Court via the Middle District of Pennsylvania's electronic case filing ("ECF") system for electronic service upon the following attorneys:

| | |
|---|---|
| Sanford P. Dumain<br>Andrei Rado<br>Milberg LLP<br>One Pennsylvania Plaza<br>New York, NY 10018<br>PH: 212-594-5300<br>sdumain@milberg.com<br>arado@milberg.com | Interim Class Counsel for Plaintiffs |
| Robert I. Lax<br>Lax LLP<br>380 Lexington Avenue<br>31st Floor<br>New York, NY 10168<br>PH: 212-818-9150<br>rlax@lax-law.com | Interim Class Counsel for Plaintiffs |
| Adam R. Gonnelli<br>Faruqi and Faruqi LLP<br>369 Lexington Avenue, 10th Floor<br>New York, NY 10017<br>agonnelli@faruqilaw.com | Interim Class Counsel for Plaintiffs |
| Elizabeth J. Goldstein<br>Dilworth Paxson LLP<br>112 Market Street, Suite 800<br>Harrisburg, Pennsylvania 17101-2015<br>Tel: 717-236-4812<br>Fax: 717-236-7811<br>jmetz@dilworthlaw.com | Interim Liaison Counsel for Plaintiffs |

| | |
|---|---|
| Bruce Daniel Greenberg<br>Susana Cruz-Hodge<br>Lite DePalma Greenberg LLC<br>Two Gateway Center<br>12th Floor<br>Newark, NJ  07102<br>PH:  973-623-3000<br>scruzhodge@litedepalma.com<br>bgreenberg@litedepalma.com | Interim Executive Committee Members for Plaintiffs |
| Jon Herskowitz<br>Baron & Herskowitz<br>9100 South Dadeland Boulevard<br>PH-1, Suite 1704<br>Miami, FL  33156<br>PH:  305-670-0101<br>jon@bhfloridalaw.com | Interim Executive Committee Members for Plaintiffs |
| Michael R. Reese<br>Reese Richman LLP<br>875 Avenue of the Americas<br>18th Floor<br>New York, NY  10001<br>PH:  212-643-0500<br>mreese@reeserichman.com | Interim Executive Committee Members for Plaintiffs |
| William J. Pinilis<br>PinilisHalpern LLP<br>160 Morris Street<br>Morristown, NJ  07962<br>PH:  973-401-1111<br>wpinilis@consumerfraudlawyer.com | Interim Executive Committee Members for Plaintiffs |

LOEB & LOEB LLP


Date: July 31, 2014                    By:   /s/ Michael B. Shortnacy


LA2379243.1