IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SHOP-VAC MARKETING AND SALES PRACTICES LITIGATION : | MDL No. 2380 |
| : | |
| : | No. 4:12-md-2380 |
| THIS DOCUMENT RELATES TO: : | |
| : | (Judge Kane) |
| ALL CASES : | |
| : | |

## ORDER[1]

**AND NOW,** on this 25th day of May 2016, **IT IS HEREBY ORDERED THAT** Plaintiffs Andrew Harbut, Alan McMichael, Kris Reid, David Palomino and Scott Giannetti and Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC's joint motion (Doc. No. 160), is **GRANTED** as follows:

1. The proposed Settlement Agreement (Doc. No. 162-1) is preliminarily approved;

2. The Settlement Class (Doc. No. 162-1 at 9) is preliminarily certified for purposes of providing notice to absent class members. The preliminary Settlement Class consists of:

    a. Each person in the United States and its territories who, from January 1, 2006 to the date of entry of the Preliminary Approval Order, either (1) purchased a Vacuum, or (2) received a Vacuum as a gift, or (3) acquired possession of a Vacuum through other lawful means. Excluded from the Settlement Class is any person or entity who purchased or acquired a Vacuum for the purpose of resale, all judges to whom the Lawsuits are assigned and the officers, directors and counsel of record of Defendants, and all employees of Defendants;

3. The proposed Settlement Notice (Doc. No. 162-1 at 10, 56), proposed Publication Notice (id. at 8, 70), and the proposed Notice Plan – as outlined in Section V.B. of the proposed Settlement Agreement (id. at 15-17) and Exhibit 4 to Exhibit A to the Settlement Agreement (Id. at 72-86) – are approved;

---

[1] To avoid ambiguity, this Order is the "Preliminary Approval Order" referenced in the proposed Settlement Agreement. (Doc. No. 162-1 at 7.) Moreover, as to the capitalized terms used in this Order, the Court incorporates the definitions provided in Section I of the proposed Settlement Agreement. (Id. at 5-10.)

1

4. The proposed Posted Notice (Doc. No. 162-1 at 7, 58-68), excepting Section 13's discussion of class counsel (Doc. No. 162-1 at 64), is approved;

5. Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC are directed to provide notice and/or ensure that the Settlement Administrator provides notice to members of the Settlement Class in accordance with the proposed Notice Plan – as outlined in Section V.B. of the proposed Settlement Agreement (Doc. No. 162-1 at 15-17) and Exhibit 4 to Exhibit A to the Settlement Agreement (id. at 72-86);

   a. Epiq Systems Class Action and Claims Solutions is approved as the Settlement Administrator, whose reasonable costs in administering the Settlement are to be paid by Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC;

   b. The Settlement Administrator, Epiq Systems Class Action and Claims Solutions, is directed to perform the functions outlined in Section IV.B. of the proposed Settlement Agreement (Doc. No. 162-1 at 13-15);

   c. This civil action was commenced after February 18, 2005. As a result, the Court directs Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Defendants' Counsel shall file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715;

   d. Promptly following the entry of this Order, the Parties shall prepare final versions of the Settlement Notice and the Publication Notice, and incorporate into each of them the Fairness Hearing date and the deadlines set forth in this Order;

   e. Within seven (7) days after the entry of this Order, Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC, through the Settlement Administrator, shall cause the Posted Notice, as amended by this Order, to be posted on the Settlement Website, www.shopvacphpsettlement.com, and linked to the Support page of the Shop-Vac USA website;

   f. No later than seven (7) days before the Fairness Hearing, Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC shall file with this Court a declaration of compliance with paragraph (5) and subparagraphs 5(a), 5(b), 5(c), 5(d), and 5(e) of this Order;

6. On or before July 25, 2016, Faruqi & Faruqi, LLP, Lax LLP, Milberg LLP, and Lite DePalma Greenberg, LLC shall file with this Court, and serve on Defendants, their papers in support of final approval of the Settlement as well as their application for

an award of attorneys' fees, for reimbursement of costs incurred, for awards to Plaintiffs, and for appointment of class counsel;

7. Written objections must be postmarked on or before August 15, 2016;

   a. All objections to certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, shall be made in writing, filed with this Court, and mailed to Defendants' Counsel and to the representative for Plaintiffs' Counsel listed below, by first-class United States Mail, at the following addresses:

      i. Clerk of the Court, U.S. District Court for the Middle District of Pennsylvania, Ronald Reagan Federal Bldg. & U.S. Courthouse, 228 Walnut Street P.O. Box 983 Harrisburg, PA 17101;

      ii. Michael B. Shortnacy, Sidley Austin LLP, 555 West Fifth Street, Suite 4000 Los Angeles, California  90013;

      iii. Elizabeth Goldstein, Dilworth Paxson LLP, Penn National Insurance Plaza 2 North 2nd Street, Suite 1101 Harrisburg, PA 17101;

   b. Any written objection must include: (i) your name, address, and telephone number; (ii) the full case name and number (<u>In re: Shop-Vac Marketing and Sales Practices Litigation</u>, MDL No. 2380, Civil Action No. 4:12-md-02380); (iii) a statement that you are a Settlement Class Member; (iv) a statement of each objection asserted; (v) a detailed description of the facts underlying each objection; (vi) a detailed description of the legal authorities supporting each objection; (vii) a statement of whether you intend to appear and speak at the Fairness Hearing and, if so, how much time the you anticipate needing to present the objection; (viii) a list of the exhibits that you may offer during the Fairness Hearing, along with copies of such exhibits; and (ix) your signature;

   c. In addition, if applicable, please include: (i) the identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to your objection; (ii) the number of times in which you, your counsel (if any), or your counsel's law firm (if any) has objected to a class action settlement within the five years preceding the date that the objector files the objection and the caption of each case in which such objection was made; and (iii) a statement disclosing any consideration that you, your

counsel (if any), or your counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement within the five years preceding the date that the objector files the objection. If the Objector or his or her counsel has <u>not</u> objected to any other class action settlement in any court in the United States in the previous five (5) years, he or she must affirmatively state as much in their submission to the Court. Any papers not filed and served in the prescribed manner and time will not be considered at the Fairness Hearing, and all objections not made in the prescribed manner and time shall be deemed waived;

d. The filing of an objection allows Faruqi & Faruqi, LLP, Lax LLP, Milberg LLP, or Lite DePalma Greenberg, LLC or Defendants' Counsel to take the Objector's deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an Objector to make himself or herself available for a deposition or otherwise comply with expedited discovery requests may result in the Court striking the Objector's objection and otherwise denying the Objector the opportunity to make an objection or be further heard. The Court may tax the costs of any such discovery to the Objector or the Objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose;

e. All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, must file with the Court and serve, on Defendants' Counsel and on the listed representative for Plaintiffs' Counsel, no later than August 15, 2016, a notice of their intention to appear setting forth the basis of their objections and summarizing the nature and source of any evidence they intend to present at the Fairness Hearing;

8. Written requests for exclusion from the Settlement Class must be postmarked on or before August 15, 2016;

a. Members of the Settlement Class who wish to be excluded from the Settlement Class must mail their requests for exclusion in written form to the Settlement Administrator by first-class United States mail, postmarked by the United States Postal Service. The request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in <u>In re: Shop-Vac Marketing and Sales Practices Litigation</u>, MDL No. 2380, Civil Action No. 4:12-md-

02380, and must be signed by the person seeking exclusion. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court;

9. On or before August 15, 2016, any Settlement Class Member or attorney representing a Settlement Class Member seeking to speak at the Fairness Hearing must send to the Court written notice of his or her intention to speak at the Fairness Hearing;

10. On or before September 1, 2016, Faruqi & Faruqi, LLP, Lax LLP, Milberg LLP, and Lite DePalma Greenberg, LLC and Defendants Shop-Vac Corporation and Lowe's Home Centers, LLC must file any response to the objections;

11. The parties' request for a Fairness Hearing is **GRANTED**. The Court hereby schedules a Fairness Hearing at 9:30 a.m. on September 15, 2016, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement Agreement, and the Settlement should receive final approval. At that time, the Court also will consider Class Counsel's application for an award of attorneys' fees and reimbursement of costs they incurred prosecuting both of the Lawsuits, as well as awards to be paid to Plaintiffs in both of the Lawsuits, all in accordance with the terms of the Settlement Agreement; and

12. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all other Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Releasee. Pending the Fairness Hearing, the Court stays all proceedings in the Lawsuit, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

<u>S/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania