# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SHOP-VAC MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2380<br><br>Civil Action No. 4:12-md-02380<br><br>(Chief Judge Yvette Kane) |
| THIS DOCUMENT RELATES TO:<br>All Cases | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

Plaintiffs Andrew Harbut, Alan McMichael, Kris Reid, David Palomino and Scott Giannetti ("Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Shop-Vac Corporation ("Shop-Vac"), Lowe's Home Centers, Inc. ("HCI"), and Lowe's HIW, Inc. ("HIW") (Plaintiffs and Defendants are collectively "the Parties") have entered into a Settlement Agreement (the "Settlement Agreement").  The Parties previously submitted the Settlement Agreement to this Court for preliminary approval of the class action settlement provided for in the Settlement Agreement (the "Settlement").  On May 26, 2016, this Court entered an Order Granting Preliminary Approval to Class Action Settlement ("Preliminary Approval Order").  On _____, the Parties filed a declaration confirming the timely distribution to the Settlement Class of the Settlement Notice and Publication Notice required by the Preliminary Approval

Order.  Now, the matter having come before the Court for hearing on September 15, 2016, on the Parties' request for the entry of an order granting final approval to the proposed Settlement and for entry of final judgment in this matter, the Court finds and concludes that it has jurisdiction over the Parties and the subject matter and finds, concludes, and orders as follows:

## I. JURISDICTION OF THE COURT

The Parties and the Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

## II. CLASS CERTIFICATION

The Settlement Agreement provides for a nationwide class settlement of the claims that are the subject of this litigation.

In the Preliminary Approval Order, this Court preliminarily certified the following nationwide Settlement Class for purposes of providing notice to absent class members:

> Each person in the United States and its territories who, from January 1, 2006 to the date of entry of the Preliminary Approval Order [May 26, 2016], either (1) purchased a Vacuum, or (2) received a Vacuum as a gift, or (3) acquired possession of a Vacuum through other lawful means.  Excluded from the Settlement Class is any person or entity

who purchased or acquired a Vacuum for resale, all judges to whom the Lawsuits are assigned, and the officers, directors and counsel of record of Defendants, and all employees of Defendants.

The Court has considered the (1) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings previously filed in this case; (2) information, arguments, and authorities provided by Plaintiffs in their memoranda of points and authorities submitted in support of their unopposed motion for entry of an order granting final approval to the Settlement; (3) the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (4) the Settlement's elimination of any potential manageability issue, and individualized issues of fact and law that could have had a bearing on the certification of a nationwide class for trial in this case. Based on those considerations, the Court hereby finds as follows:

1. Since at least January 1, 2006, Shop-Vac manufactured, advertised for sale, sold, and/or distributed to others to sell Shop-Vac brand wet/dry vacuums in the United States and its territories (the "Vacuums"), including the models falling within the following series: AllAround Series, Ash Vacuum Series, Back Pack Series, Blower Vac Series, BullDog Series, Farm Ranch and Home Series, Hardware Store Wet/Dry Vac Series, Heavy Duty Portable Series, Industrial

3

Series, Lowe's Wet/Dry Vac Series, Menards Wet/Dry Vac Series, Micro Series, Mulcher Series, Portable Series, Professional Series, Pump Vac Series, Quiet Series, Stainless Series, The Right Stuff Series, Tool Mate Series, Wall-Mount Series, and Walmart Wet/Dry Series.

2. Persons and entities throughout the nation purchased thousands of Vacuums. The number of purchasers of the Vacuums satisfies the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure. Defendants do not contest this numerosity.

3. There are questions of law and fact common to all members of the Settlement Class based on the manufacture, advertising, sale and distribution of the Vacuums. Such questions include, but are not necessarily limited to, the following:

    a. Whether Defendants misrepresented the peak horsepower, horsepower, and/or tank capacity of the Vacuums;

    b. Whether Defendants knew their claims regarding the Vacuums were false and/or misleading;

    c. Whether Defendants breached express warranties by selling and delivering the Vacuums which do not conform to their represented product specifications and which do not perform as well as products which would conform, and whether Plaintiffs are entitled to revocation of acceptance and other warranty damages as a result;

   d. Whether Defendants breached implied warranties by selling the Vacuums which do not pass for sale into the trade without objection, due to the inaccurate specifications, and failure of the product to perform to specifications as to power and capacity;

   e. Whether Defendants have been unjustly enriched as a result of their misrepresentations;

   f. Whether Defendants sale of Vacuums which were delivered in a manner which do not conform to represented product specifications violate the Magnuson-Moss Act, 15 U.S.C. § 291, et seq.;

   g. Whether Defendants' actions as described above violate the consumer fraud laws of individual states; and

   h. Whether Plaintiffs and the other members of the Settlement Class are entitled to damages, restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

  4. Plaintiffs' claims are typical of the claims of the Settlement Class. Plaintiffs are members of the Settlement Class and allege that they have been damaged by the same conduct of Defendants that they allege has damaged other members of the Settlement Class.  Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole.  The claims of Plaintiffs and other members of the Settlement Class are based upon corresponding theories.

5. The Settlement Class is ascertainable. The unnamed members of the Settlement Class have in common that each of them either (1) purchased a Vacuum, or (2) received a Vacuum as a gift, or (3) acquired possession of a Vacuum through other lawful means.

6. Plaintiffs can fairly, fully, and adequately protect the interests of the Settlement Class. Class Counsel are experienced in prosecuting complex class action litigation, and Plaintiffs and their counsel have no interest that conflicts with, or is adverse to, the interests of the Settlement Class.

7. Questions of law and fact common to all members of the Settlement Class predominate over any questions affecting only individual members for settlement purposes.

8. A nationwide class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

9. Pursuant to Federal Rule of Procedure 23(b)(3), the Court hereby certifies the following Settlement Class for settlement purposes only:

Each person in the United States and its territories who, from January 1, 2006 to May 26, 2016, either (1) purchased a Vacuum, or (2) received a Vacuum as a gift, or (3) acquired possession of a Vacuum

through other lawful means. Excluded from the Settlement Class is any person or entity who purchased or acquired a Vacuum for resale, all judges to whom the Lawsuits are assigned and the officers, directors and counsel of record of Defendants, and all employees of Defendants.

10. Andrew Harbut, Alan McMichael, Kris Reid, David Palomino, and Scott Giannetti are appointed as the representatives of the Settlement Class, and the law firm Dilworth Paxson LLP is appointed as Liaison Counsel and the law firms Faruqi & Faruqi, LLP, Lax LLP, Lite DePalma Greenberg, LLC, and Milberg LLP are appointed as Class Counsel for the Settlement Class.

11. If for any reason the Settlement Agreement should fail to become effective, Defendants' stipulation to certification of the Settlement Class, or to any other class or subclass, shall be null and void, and the Parties shall return to their respective positions in the Lawsuits as those positions existed on September 3, 2015, when the Parties reached an agreement-in-principle to settle. Nothing stated in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the MDL, the New Jersey Action, or any other action or proceeding of any kind.

## III. NOTICE

The Preliminary Approval Order approved: (1) the form and content of the notice of Settlement to be provided to members of the Settlement Class by e-mail where an e-mail address is known and readily available to Defendants, and by mail where a mailing address is known and readily available to Defendants (the "Settlement Notice"); (2) the form and content of a posted notice (the "Posted Notice") to be posted on the Settlement Website, **www.shopvacphpsettlement.com**, and linked to the Support page of the Shop-Vac USA website; (3) the form and content of a publication notice (the "Publication Notice"); and (4) the plan specified in the Settlement Agreement and the Notice Plan for distributing the Settlement Notice and disseminating the Publication Notice.

The Settlement Notice fairly, accurately, and reasonably informed members of the Settlement Class of: (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; and (3) appropriate information about the right of Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, or object to Class Counsel's

application for an award of attorneys' fees and reimbursement of expenses ("Application"), and the procedures to do so.

The Settlement Notice fairly and adequately informed members of the Settlement Class that if they did not comply with the specified procedures and deadline for filing objections, they would lose any opportunity to have any objection considered by this Court at the Fairness Hearing or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by this Court in connection with the Settlement.

The plan specified in the Preliminary Approval Order for distributing the Settlement Notice and Publication Notice has been implemented and has provided to the Settlement Class reasonable notice of the Settlement. There is no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who may not already have received notice pursuant to that distribution plan. The Preliminary Approval Order required the Settlement Administrator to e-mail or mail by first-class United States Mail a copy of the Settlement Notice to all members of the Settlement Class whose addresses reasonably can be identified in Defendants' records. The Preliminary Approval Order also required that before the Settlement Administrator mailed first-class United States Mail copies of the Settlement Notice, the Settlement Administrator had to obtain or cause to be obtained address updates using a National Change of

Address database and use any updated addresses when mailing. The Preliminary Approval Order also required that the Posted Notice be posted on the Settlement Website, **www.shopvacphpsettlement.com**, and linked to the Support page of the Shop-Vac USA website.

The Preliminary Approval Order required Defendants to file or cause to be filed with the Court a declaration of compliance with the foregoing notice requirements. Pursuant to the Preliminary Approval Order, Defendants have filed the required declaration. Additionally, Defendants' Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

**IV.   PERSONS EXCLUDED FROM THE SETTLEMENT CLASS**

The Settlement Administrator received requests for exclusion from the Settlement Class and has provided Class Counsel and Defendants' Counsel copies of those requests. Class Counsel and Defendants' Counsel have filed with the Court a list of all requests for exclusion received by the Settlement Administrator.

All persons named in the list attached hereto as Exhibit 1 are hereby excluded from the Settlement Class and will not be bound by the terms of the Settlement.

## V.　FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides for each member of the Settlement Class to receive the benefits described in Section IV.A of the Settlement Agreement. The Settlement Agreement provides these benefits to the Settlement Class even though Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in the Lawsuits and to deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or other members of the Settlement Class.

Taking into account: (1) the value of the benefits to be provided by the Settlement to the Settlement Class; (2) the defenses asserted by Defendants, (3) the risks to the members of the Settlement Class that Defendants would successfully defend against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action, and (4) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and appeals, the

Settlement is fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement after vigorous litigation, significant investigation and discovery conducted by Plaintiffs, Class Counsel, and Defendants, and a protracted, arm's-length negotiation process facilitated by a mediator, and the Settlement is not in any way the product of collusion.

Accordingly, having considered the foregoing, the number of putative Settlement Class Members who have requested to be excluded from the Settlement, the level of opposition to the Settlement, the strength and weaknesses of the claims that have been and could be asserted by or on behalf of the members of the Settlement Class, the strengths and weaknesses of the defenses that have been and could be asserted by Defendants, the damages and other relief that have been and could be claimed on behalf of the members of the Settlement Class, the value of the Settlement, and the complexity, length, expense, and uncertain outcome of continued litigation, and there being no suggestion of improper collusion among the Parties, the Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, and the Court hereby grants final approval of the Settlement and enters this Final Approval Order implementing its terms. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Final Approval Order, including the definitions set forth in the Settlement Agreement.

## VI. ADMINISTRATION OF THE SETTLEMENT

For the purposes of consummating the administration of the Settlement, the Court orders as follows:

1. Defendants will provide benefits as outlined in Section IV of the Settlement Agreement.

2. The Court hereby awards $_____ to Plaintiff Andrew Harbut, $_____ to Plaintiff Alan McMichael, $_____ to Plaintiff Kris Reid, $_____ to Plaintiff David Palomino, and $_____ to Plaintiff Scott Giannetti in compensation for the time, effort, and risk they undertook on behalf of the Settlement Class.  These amounts shall be paid from the attorneys' fees awarded to Class Counsel by the Court.

3. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced.  The Court has concluded that: (a) Plaintiffs' Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to certain non-monetary relief and programmatic changes; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Plaintiffs' Counsel prosecuted the Settlement Class's claims on a contingent fee basis,

investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Plaintiffs' Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendants' possible legal defenses and its experienced and capable counsel; (e) Plaintiffs' Counsel have contingent fee agreements with Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's Application and have approved the Settlement; and (f) the Notice informed the Settlement Class of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Application in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's Application, and [_____] Settlement Class Members objected.  For these reasons, the Court hereby approves Class Counsel's Application and awards to Class Counsel attorneys' fees and expenses in the amount of $_____.

4. The Court hereby orders that this award of attorneys' fees and expenses be paid in accordance with the terms of the Settlement Agreement.

## VII. RELEASES AND EFFECT OF SETTLEMENT AGREEMENT

### A. Releases

In consideration of the terms of the Settlement Agreement, all Settlement Class Members, including Plaintiffs, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all Released Claims against any and all Releasees.

"Released Claims" means any and all claims, actions, causes of action, administrative claims, demands, debts, liens, offsets or liabilities, damages, costs, attorney's fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, other than claims for personal injury, that Plaintiffs or any member of the Settlement Class now have or, absent the Settlement Agreement, may in the future have, against Releasees, or any of them, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the entry of the Preliminary Approval Order, that (a) has been alleged in the Lawsuits or (b) could have been alleged in the Lawsuits or in another court action and relates (i) to any of the alleged inadequacies, misstatements, or issues of or associated with the Vacuums

alleged in the Lawsuits or (ii) to any act, omission, damage, matter, cause, or event whatsoever arising out of or related to the initiation, defense, or settlement of the Lawsuits or the claims or defenses asserted or that could have been asserted in the Lawsuits.

"Releasees" means (a) Defendants, together with their respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; (b) each of their respective past, present, and future owners, shareholders, officers, directors, agents, representatives, employees, attorneys, and insurers; and (c) all suppliers, distributors, dealers, retailers, trade partners, licensors, licensees, franchisees, public relations firms, advertising and production agencies, and other entities, whether foreign or domestic, who were or are in the chain of, or played any role in, the design, testing, manufacture, assembly, distribution, marketing, sale, lease, installation, or servicing of the Vacuums or their component parts.

In consideration of the terms of the Settlement Agreement, Defendants and the other Releasees, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Defendants now have against Plaintiffs, Settlement Class Members, Class Counsel, or Plaintiffs' Counsel by

reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Lawsuits or the claims and defenses asserted in the Lawsuits (the "Released Defendants' Claims"). The Released Defendants' Claims do not include claims to enforce the Settlement.

With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon both the entry of this Final Approval Order, and the passing of the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members and the Releasees shall be deemed to have waived, and by operation of the Final Approval Order shall have waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law that governs or limits a person's release of unknown claims, including any law or principle of common law that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge that they understand the significance and consequence of this release and specific waiver. It is the intention of Plaintiffs and Defendants,

and by operation of law, the Settlement Class Members and the Releasees, to completely, fully, finally and forever extinguish any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, and without regard to the subsequent discovery of additional or different facts.  The Parties acknowledge, and the Settlement Class Members and the Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of this waiver was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Parties in entering into the Settlement Agreement.

**B.     Settlement Agreement as Exclusive Remedy for Released Claims**

Upon the entry of this Final Approval Order: (1) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all Released Claims of Settlement Class Members; and (2) the Releasees shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal or state court or tribunal, any Released Claim. Settlement Class Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate the dismissal of their claims.

### C. Effect of a Final Judicial Determination of Invalidity or Unenforceability

If, after the entry by this Court of this Final Approval Order, a notice of appeal of this Final Approval Order is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Approval Order is in any respect invalid, contrary to law, or unenforceable, Defendants' stipulation to certification of the Settlement Class shall be null and void, and the Parties shall return to their respective positions in the Lawsuits as those positions existed on September 3, 2015, when the Parties reached an agreement-in-principle to settle.

The final Court-ordered amount of any award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs is a matter separate and apart from the Settlement Agreement and this Final Approval Order. Neither the decision by the Court concerning the award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs nor any appeal of the Court's order concerning an award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs shall affect the validity or finality of the Settlement.

### VIII. NO ADMISSION OF LIABILITY

The Parties entered into the Settlement Agreement for the purpose of compromising and settling disputed claims. Nothing in the Settlement Agreement

or in the documents relating to the Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity, regardless of whether the Settlement Agreement ultimately becomes effective.

## IX.   ENTRY OF FINAL JUDGMENT

The Complaint, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.  The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.  The Court further orders the entry of, and hereby enters, this Final Approval Order.  The Court expressly retains jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Final Approval Order, as well as all other matters relating to the administration and consummation of the Settlement.

IT IS SO ORDERED.

Dated: _____, 2016

_____
YVETTE KANE, District Judge
Middle District of Pennsylvania