Shirley Morales
2320 Brower Road
Corbett, Oregon 97019
503-310-6934
8-15-16

FILED
HARRISBURG, PA
AUG 1 9 2016

Clerk of the Court
U.S. District Court for the Middle District of Pennsylvania
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17101

Michael B. Shortnacy
SIDLEY AUSTIN LLP
555 West Fifth Street
Suite 4000
Los Angeles, CA 90013

Elizabeth Goldstein
DILWORTH PAXSON LLP
Penn National Insurance Plaza
2 North 2nd Street
Suite 1101
Harrisburg, PA 17101

RE: *In re: Shop-Vac Marketing and Sales Practices Litigation*, MDL No. 2380, Civil Action No. 4:12-md-02380

I purchased a Shop-Vac during the relevant time period, which I still own and I am a class member.

The Injunctive Relief is unreasonable and inadequate when considered from the perspective of the Class as a whole. The proposed Injunctive Relief does not correct Defendant's misrepresentations; it simply highlights the misrepresentations. The Notice provides, "In actual use, Shop-Vac motors do not operate at the Peak Horsepower shown." In essence, the proposed injunctive Relief permits Defendants to continue to market products and mislead consumers based on horsepower and capacity levels that are not possible when the products are in use. The Parties do not identify the value of the proposed Injunctive Relief to the Class.

The Warranty Relief also is unreasonable and inadequate. This lawsuit was based on misrepresentations made by Defendant. The Notice provides: "The Lawsuits claimed, among other things, that Shop-Vac misrepresents the operational horsepower of its Vacuums." The Notice does not identify any mechanical defects or damage that might

1

occur from product usage. If mechanical failure or damage is a possibility, then the Class should be put on notice of any such failure or damage. The Notice; however, fails to identify any typical failure or damage experienced by the named plaintiffs. The Notice also does not identify the value of the Warranty Relief to the Class. The Class cannot evaluate the settlement and decide whether to request exclusion without knowing the value of the Warranty Relief.

The Settlement Release is unfair and overinclusive. The Settlement Release expands beyond the scope of the class claims to include all claims whether "now known or unknown" and claims that Class Members "may in the future have." There is no indication that the Class is receiving adequate compensation for such a broad release. Further, a release that holds a defendant harmless for wrongs it will commit in the future is dangerous to both the Class and the public. Considering that this Settlement applies to anyone and everyone that may now or in the future possess a Shop-Vac, this release poses severe problems for absent class members. A release for future claims is patently unfair to the Class and the Settlement should be rejected on this basis alone. The Release should be limited to all issues related to Defendant's peak horsepower and capacity representations.

The requested attorney's fees are not fair to the Class. Courts are required to consider the level of direct settlement benefits to a class when determining the fairness of a fee request. The Parties have not provided any indication as to the value of the Injunctive Relief or the number and value of warranties that will be called by Class Members. As a result, Plaintiffs have not identified the level of direct benefit to the Class. The Court should delay a final assessment of the fee award and withhold all fee amounts until the Injunctive Relief is valued and the extended warranty period has expired.

The Warranty relief is nothing more than a coupon and CAFA should apply to Plaintiffs' fee request. A warranty is a piece of paper that entitles its holder to future goods or services. Similarly, a coupon (or voucher) is a piece of paper that entitles the holder to either a discount or, future goods or services. The Warranty relief provided here entitles any owner of a Shop-Vac Vacuum to a repair or replacement service in the event the individual's vacuum motor no longer functions. The Class Action Fairness Act addresses "in-kind compensation" which may act as marketing tool for defendant retailers. A non-cash voucher with no value to class members unless they transact additional business with a defendant is a coupon under the Act. Further, while the Warranty Relief may cover the motor, it does not cover other parts or damage that may be related to motor failure, which may force Class Members to incur out-of-pocket expenses. The Court should apply CAFA's fee provisions and withhold any fee award attributable to the Warranty Relief until the warranty period expires.

Although I believe it is irrelevant, I have objected in a couple of cases and received a small amount of money once, but do not recall the details. I do not attend to appear at the fairness hearing.

*Shirley Morales*
Shirley Morales





CERTIFIED MAIL

7015 0640 0007 3606 1477

PORTLAND
OR 970
15 AUG '16
FM & L

U.S. POSTAGE PAID
CORBETT, OR 97019
AUG 15 16
AMOUNT
$3.77
R2305E124424-05

RECEIVED
HARRISBURG, PA
AUG 19 2016

Clerk of the Court
U.S. District Court for the Middle District of Pennsylvania
Ronald Reagan Federal Bldg + U.S. District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17101

17108-098383

S. A. Morales
2320 NE Brower Rd
Corbett, OR 97019