# VULLINGS LAW GROUP, LLC
Attorneys At Law

3953 RIDGE PIKE
SUITE 102
COLLEGEVILLE, PENNSYLVANIA 19426
(610) 489-6060
(610) 489-1997 FAX

BRENT F. VULLINGS

Admitted in PA, NJ, NY & DC

bvullings@vullingslaw.com

September 14, 2016

Via ECF
Hon. Yvette Kane
United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

Re:   Emanuele Dimare, et. al. v. Shop-Vac Corporation, et. al.
      USDC, M.D. Pa., 4:12-md-02380-YK

Your Honor:

I represent and write on behalf of Objector Michelle W. Vullings as to the above-referenced matter.

I wish to advise this Honorable Court that I will be unable to appear for the Fairness Hearing in this matter scheduled for September 15, 2016 at 9:30 AM. Objector, Michelle W. Vullings, stands by her filed Objections which have been docketed at Doc. 193.

In response to class counsel's letter dated today, Your Honor's May 26, 2016 Order provides, *inter alia*, that "on or before September 1, 2016, [Class and Defendants' counsel] must file any response to the objections." Class counsel never responded to Michelle W. Vullings' Objection "on or before September 1, 2016" pursuant to Your Honor's Order. Now, Class counsel wants to respond to Michelle W. Vullings' Objection thirteen (13) days past the deadline set forth in Your Honor's Order, incredulously claiming that Ms. Vullings does not have standing to Object. Michelle W. Vullings' Objection does address her standing as a member of the Class insomuch as the Objection states that Ms. Vullings is a class member, provides her address and phone number, and attaches the post card notice she received in the mail.

In addition, in the Order dated May 26, 2016, Your Honor allows for "expedited" discovery yet class counsel attempts to interpret such expeditiousness as only ten (10) days. Considering the extremely short time frame chosen apparently only by class counsel, it appears class counsel may have intentionally attempted to prejudice Ms. Vullings with such short response times so as to request that Your Honor dismiss Ms. Vullings' valid and serious-minded objections. Further, class counsel falsely describes its discovery requests to Objector Michelle W. Vullings as "focused upon" evidence of her standing as a member of the class. This contention is misleading to the Court and perhaps attempts to disguise the more prevalent attempts to discredit a valid objector. Objectors are an essential part of the class action vetting process and often bring much needed change and revisions to class action settlements on behalf of millions of consumers. See, generally, *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 185 L. Ed. 2d 308 (2013); *Devlin v. Scardelletti*, 536 U.S. 1, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Notwithstanding, Class Counsel's discovery requests are irrelevant to the present matter as Ms. Vullings has complied with the necessary steps to be a class member and valid objector.

Accordingly, we humbly request that this Honorable Court give Michelle W. Vullings' Objections all due consideration.

Thank you for your time and consideration of this matter.

Sincerely,

Brent F. Vullings, Esq.

BFV:fc