# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYVANIA

| | |
|---|---|
| IN RE: SHOP-VAC MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2380 <br><br> Civil Action No. 4:12-md-02380 |
| THIS DOCUMENT RELATES TO: <br> All Cases | (Judge Yvette Kane) |

## OPPOSITION TO MOTION TO COMPEL OBJECTORAPPELLANT SHIRLEY MORALES TO POST AN APPEAL BOND, PURSUANT TO <u>FED. R. APP. P. 7</u>

Class Member/Appellant, Shirley Morales, ("Objector") opposes the Plaintiffs' Motion for Appeal Bond and states in support:

**I. Objector cannot be required to post a bond for administrative expenses associated with a class settlement while an appeal is pending because these expenses are not taxable under a specific statute or rule.**

The purpose of an appeal bond is "to ensure payment of costs on appeal." Fed. R. App. R. 7. Here, class counsel requests a bond of $32,000 to cover two sets of alleged costs: the administrative costs associated with settlement while the appeal is pending and direct appeal costs. No rule or statute provides that Objector can be liable for the former, and class counsel has provided no detail as to how they reach the $25,000 for "Rule 39 costs." Thus, an appeal bond in this case is not appropriate.

"[A]n appeal bond may include the costs of preparation of and transmission of the record, the costs of obtaining any necessary transcripts, printing costs and other copying costs, premiums or costs for supersedeas bonds or other bonds to secure rights pending appeal, and fees for filing the notice of appeal." *In re Nutella Mktg. and Sales Practices Litig.*, 589 Fed. Appx. 53, 60–61 (3d Cir. 2014)(unpublished). Under F.R. App. R. 7, an appeal bond is designed "to ensure the payment of costs on appeal." "[T]hese costs rarely exceed a few hundred dollars when taxed against an appellant. The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R.App. P. 39 unless such expenses may be shifted pursuant to another statute." *In re Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. 2014). Class counsel's claim that their Rule 39 expenses are $25,000 is a fictional claim not based on reality.

Objector invites the Court to consider the fact that most sister courts have defined such costs to include *only* those costs expressly authorized by rule or statute. *Tennille v. Western Union Co.*, 774 F.3d 1249, 1255 (10th Cir. 2014) (citing D.C., First, Second, Third, Ninth, and Eleventh Circuits). Indeed, the Tenth Circuit recently addressed the same issue presented here and held that class action administration costs were not "costs on appeal" for a Rule 7 bond because such costs were not authorized by statute. *Id*.

The Tenth Circuit's approach to defining "costs" on appeal is consistent with the Supreme Court's repeated admonition that the term "costs" is not an open-ended invitation for courts to impose whatever expenses they deem fair, but rather a term of art whose content is bounded by the items specified in statutes or rules. See *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006) (holding that, in the Individuals with Disabilities Education Act, "[t]he use of this term of art [i.e., 'costs'], rather than a term such as 'expenses,' strongly suggests that [the statute's cost-shifting provision] was not meant to be an open-ended provision that makes participating States liable for all expenses incurred by prevailing [plaintiffs]"); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (holding that "costs" as defined in Federal Rule of Civil Procedure 54 are limited to those specified by statute).

Class counsel's failure to identify a rule or statute that would render Objector responsible for settlement administration costs is dispositive of the question whether a bond maybe required for these costs. "Because Plaintiffs have not identified any rule or statute that allows them to recover, as costs on appeal, funds spent either notifying class members of Objectors' merits appeals or maintaining the settlement pending those appeals, the district court erred in imposing a Rule 7 appeal bond that included those costs." *Tennille v. W. Union Co.,* 774 F.3d 1249, 1256 (10th Cir. 2014).

In sum, almost the entire amount of the bond class counsel requests consists of settlement-administration or delay expenses that are not defined by statute or rule as costs and are therefore not permissible components of an appeal bond. Accordingly, because class counsel has not identified any costs, other than general "appeal costs" that would be taxable against Objector if she does not prevail on appeal, counsel has offered no basis for imposition of a bond of $32,000.

## II. Recent Third Circuit and district opinions do not indicate that an award of the appeal bond costs are merited under the facts of this case.

The Third Circuit has not published an opinion on whether including administrative expenses for a bond is appropriate in a class action appeal. In the unpublished opinion, In *Hirschensohn v. Lawyers Title Ins. Corp.,* the Court of Appeals held that "Rule 7 does not authorize a bond to cover estimated costs of attorneys' fees" and limited the appeal bond to costs under Rule 39. *Hirschensohn v. Lawyers Title Ins. Corp.,* 96-7312, 1997 WL 307777 (3d Cir. June 10, 1997). In a more recent unpublished opinion, *In re Nutella Mktg. and Sales Practices Litig.*, 589 Fed. Appx. 53, 60 (3d Cir. 2014)(unpublished), the Court allowed half of the requested administrative expenses after considering (1) the objectors did not respond in a meaningful way to the plaintiffs' contentions that their appeals were meritless; and (2) the objectors, who were a geographically diverse group, did not provide any representations that they were able to pay the costs of an appeal. *In re Nutella Mktg. and Sales Practices Litig.*, 589 Fed. Appx. 53, 61 (3d Cir.

2014)(unpublished).

The 2016 courts in *Schwartz v. Avis Rent a Car System, LLC*, CV 11-4052 (JLL), 2016 WL 4149975, at *3 (D.N.J. Aug. 3, 2016) and *Rougvie v. Ascena Retail Group, Inc.*, CV 15-724, 2016 WL 6069968, at *5–7 (E.D. Pa. Oct. 14, 2016) both have attempted to harmonize these contradictory holdings and both concluded that administrative expenses are not appropriate.

In *Schwartz*, the court said the following:

> The Panel in *Hirschensohn* held that "attorneys' fees are distinct from the 'costs' defined by Rule 39," and therefore, were excluded from a Rule 7 bond. *Id.* at *2-3. The Circuit Court discussed a Supreme Court decision, *Roadway Express, Inc. v. Piper*, where the High Court "observed that when Congress enacted section 1920 [which is the source of the "costs" outlined in Federal Rule of Appellate Procedure 39], the prevailing 'American Rule' was that 'attorney's fees [were] not among the costs that a winning party [could] recover.' " *Ibid.* (citing *Piper*, 447 U.S. at 759). After discussing the *Piper* decision, the Third Circuit held that "Rule 7 does not grant authority to receive a bond for attorneys' fees in this case." *Hirschensohn*, 1997 WL 307777, at *3. Thus, in *Rossi*, "this Court applie [d] reasoning consistent with that set forth in *Hirshensohn*" and "denie[d] inclusion of any administrative costs that are not specifically enumerated in Rule 39." *Id.* at *2.
>
> In November of 2012, another District Court in the District of New Jersey permitted, by way of letter order, the inclusion of administrative costs in an appeal bond. *In re Nutella Mktg & Sales Practices*, Civ. No. 11-1086, 2012 WL 6013276 (D.N.J. Nov. 20, 2012) (Wolfson, J.), *aff'd* 589 Fed.Appx. 553 (3d Cir. Sept. 11, 2014). Notably, the District Judge in that case recognized that the objectors' briefs were largely deficient, particularly with respect to their argument that administrative costs were not appropriate for a Rule 7 bond. *Id.* at *2. On appeal, the Third Circuit affirmed the district court's ruling on administrative costs, stating only: "The District Court

determined, over the ... Appellant's objection, that administrative costs could be secured by a Rule 7 bond. We do not find that determination to be in error." *In re Nutella Mktg. & Sales Practices Litig.*, 589 Fed.Appx. 53, 61 (3d Cir. 2014). Based on this language from an unpublished Third Circuit case, Plaintiffs argue that the Third Circuit permits a district court to include the administrative costs in setting the amount of an appeals bond.[3] (Pls.' Mov. Br. at 10).

Thus, this Court is faced with two contradictory, unpublished Third Circuit cases. In *Hirschensohn*, an often-cited opinion, the Third Circuit conducted a thorough analysis of Federal Rules of Appellate Procedure 7 and 39 before concluding that attorneys' fees were not included in a Rule 7 bond. 1997 WL 307777. By contrast, in *Nutella*, the Third Circuit reviewed the District Court's award of an appeal bond under an abuse of discretion standard and neither cited to nor overruled *Hirschensohn* before stating that it "do [es] not find that determination [as to administrative costs] to be in error." 589 Fed.Appx. at 61. Because this Court finds that the earlier unpublished case more pointedly addresses the issue of costs appropriately included under Rules 7 and 39, it will continue to rely on the *Hirschensohn* rationale in finding that administrative costs are not included in a Rule 7 bond.

*Schwartz v. Avis Rent a Car System, LLC*, CV 11-4052 (JLL), 2016 WL 4149975, at *3 (D.N.J. Aug. 3, 2016).

In *Rougvie*, the court said the following:

Appellants argue we should ignore *In re Nutella*, or limit the holding to its facts. They argue *Hirschensohn* is the governing rule in our Circuit and it limited "costs" calculated in a Rule 7 appeal bond to only costs specifically mentioned in Rule 39. Viewed this way, *In re Nutella* directly contradicts *Hirschensohn*.

Appellants misconstrue the breadth of the *Hirschensohn* decision. Our Court of Appeals did not provide an exhaustive definition of a Rule 7 cost; it addressed whether attorneys' fees could be included as a cost under Rule 7. The ruling "we conclude that Rule 7 does not authorize

> a bond to cover estimated costs of attorneys' fees" is equally narrow. Attorneys' fees and administrative expenses of a settlement fund are different. Because the appeal bond in *In re Nutella* did not include attorneys' fees, *Hirschensohn* is not directly contrary. In *In re Nutella*, our Court of Appeals held it is within our discretion to include administrative expenses in an appeal bond.
>
> …
>
> In the facts presented to us, we do not include administrative costs in the bond. We approved a large class action settlement similar to *In re Nutella*. We are aware of the diminishing value by delay; however, an individual appeal bond for each Appellant will also deter meritless appeals. We deny the Class' request for administrative costs because Appellants meaningfully responded to its request. In *In re Nutella*, the Appellants did not meaningfully respond to the request for an appeal bond. Here, Appellants filed four briefs responding in a meaningful way to the Class' request and defending the merits of their appeals. The Class moved for expedited briefing in our Court of Appeals hoping to shorten the appeals period.
>
> We also deny the Class' request for administrative costs because we have no evidence the delay caused by an appeal does not create additional administrative expenses beyond those necessary to manage the Settlement Fund under the settlement agreement.

*Rougvie v. Ascena Retail Group, Inc.*, CV 15-724, 2016 WL 6069968, at *5-6 (E.D. Pa. Oct. 14, 2016).

Here, although Objector does not have funds to pay the appeal bond (she has only been able to work part-time on a teaching salary, as she needs to care for her daughter who is recovering from a traumatic accident), she has, by this response, responded in a meaningful way to the plaintiffs' contentions that her appeal is meritless. Class counsel's motion for an appeal bond should be denied.

### III. The requested bond is being used for an improper purpose

Objector believes that based on the magnitude of the requested bond and the personal attack of Objector, the underlying purpose of this motion may not be securing costs, but intimidating Objector from exercising her appellate right. Whereas Objector stands to pocket no money as a result of this appeal, class counsel *does* have a financial incentive to discourage an appeal as they will not get paid until the settlement is final.

Not only should the bond motion be rejected on the merits for the reasons explained above (or greatly reduced), but this Court should reject the improper use of a Rule 7 bond to deter appeals: "Allowing districts court to impose high Rule 7 bonds where the appeals *might* be found frivolous risks impermissibly encumbering appellants' right to appeal[.]" *Azizian v. Federated Dept. Stores,* 499 F.3d 950, 961 (9th Cir. 2007); ("While, in the federal scheme, appeals found to be frivolous cannot command judicial respect, those possessing merit are normally a matter of right. Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." (footnotes omitted)); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be

tolerated."); *see also Vaughn v American Honda Motor*, 507 F.3d 295, 300 (5th Cir. 2007) (cautioning that "imposing too great a burden on an objector's right to appeal may discourage meritorious appeals or tend to insulate a district court's judgment in approving a class settlement from appellate review" (footnote omitted)).

Class counsel seems to have taken the stance that every objector and objector's attorney must have a bad faith motive. Their thinly veiled contempt for objectors should make their motive for the appeal bond apparent. Class counsel claims that their concern is for the class, but the truth is their concern is for themselves. They will not get paid their attorney's fees until the settlement is final. And they will stop at nothing to get their attorney's fees, even if their actions have the effect of bullying a class member to drop her appeal. These actions should not be tolerated.

The availability of an appeal is particularly important for class action objectors, who play a crucial role in the settlement process by speaking for absent class members and ensuring adversarial presentation of issues. "Objectors provide a critically valuable service of providing knowledge from a different point of view [from that of the settling parties.]" *Lane v. Facebook, Inc.*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfield, J., dissenting); *see also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, J.) ("It is desirable to have as broad a

range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally."). Because it is more important that Objector have her opportunity to pursue her potentially meritorious appeal than deny her the opportunity over the supposed risk that her appeal is frivolous, the appeal bond motion should be denied.

### IV. Objector is not a serial objector and could prevail on appeal

Objector would like to set the record straight by stating that Objector is not a serial objector and has raised several issues that an appellate court could find persuasive. For example, Objector has argued that the requested attorney's fees are not fair to the class, the injunctive relief is worthless, and the warranty relief provides little value to the class. It was these very reasons that the Sixth Court of Appeals rejected the settlement in *In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013).

> [I]n evaluating the fairness of a settlement," therefore, we look in part "to whether the settlement gives preferential treatment to the named plaintiffs while only perfunctory relief to unnamed class members." *Vassalle v. Midland Funding LLC,* 708 F.3d 747, 755 (6th Cir.2013) (internal quotation marks omitted). "[S]uch inequities in treatment make a settlement unfair." *Id.* The same is true of a settlement that gives preferential treatment to class counsel; for class counsel are no more entitled to disregard their "fiduciary responsibilities" than class representatives are. *Gen. Motors Pick–Up Litig.,* 55 F.3d at 788. Most class counsel are honorable; but "settlement classes create especially lucrative opportunities for putative class attorneys to generate fees for themselves without any effective monitoring by class members who have not yet been apprised of the pendency of the action." *Id.* "[T]he danger being that the lawyers might urge a class settlement at a low

> figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 524 (1st Cir.1991); *see also, e.g., Creative Montessori,* 662 F.3d at 918 ("We and other courts have often remarked the incentive of class counsel" to "agree[ ] with the defendant to recommend that the judge approve a settlement involving a meager recovery for the class but generous compensation for the lawyers"). Thus, if the "fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton v. Boeing Co.,* 327 F.3d 938, 964 (9th Cir.2003). Hence the "courts must be particularly vigilant" for "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *Dennis v. Kellogg Co.,* 697 F.3d 858, 864 (9th Cir.2012) (internal quotation marks omitted).

*In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013)

Here, Objector will utilize cases like *Dry Max Pampers* and other similar cases to argue that class counsel exchanged higher compensation for themselves in exchange for any compensation for the class. Objector will argue that the attorney's fees are excessive, especially in light of absolutely no compensation for the class. Objector will argue that the extended warranty and so called injunctive relief has not substantially benefitted of the class, and thus the settlement should not have been approved. As many appellate courts have overturned settlements for the same reasons as Objector is complaining, Objector believes that she has a good chance that the Third Circuit Court of Appeals will agree with her arguments.

Objector has been personally attacked by class counsel for not knowing all of the details about class actions. However, class counsel has greatly exaggerated the extent of Objector's knowledge of the class action settlement. Objector understood the basics of the class action and that is all she should be required to know. She stated in her deposition that she thought that the compensation was not fair to class members and she knew that the shop-vacs were inappropriately marketed. See Deposition p 41-43. She was correct in her understanding of the class action.

Class counsel, even after she specifically stated that she had attorney assistance with writing the objection, then grilled her over every aspect of the objection. Like almost every client, she could not answer specific questions, but she did know the general answers. No lay person is expected to understand the legal aspects of a case they are part of. That is why they hire attorneys.

Additionally, no harm was caused by Objector mailing in her objection herself and then having her counsel appear. Only five days elapsed during that time and no pleadings were filed during that time. Class counsel cannot complain that they would have done anything different. Whether she was represented by counsel or not during those five days is of little consequence.

## CONCLUSION

Objector raised valid objections at the fairness hearing and is entitled to pursue those objections to their logical conclusion, which includes the right to appeal and to have the appeal heard, without the threat of having to cover supposed costs that are not covered by rule or statute by lawyers whose agendas are not necessarily in the best interests of the class members.  The use of appeal bonds to chill the pursuit of legitimate, good-faith appeals is a practice that this Court should emphatically discourage.

The motion to impose an appeal bond should be denied.  In the event the Court wishes to grant a bond, it should be limited to actual appeal costs not to exceed a few hundred dollars.

Respectfully Submitted,

*/s/Mardi Harrison Esq*
Attorney for Objector,
Shirley Morales

Attorney ID:  72647
125 Edison Furlong Road
Doylestown PA  18901
(267) 252-1035
(267) 552-6248
Mardi@SueTheBoss.com

Dated:        January 4, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies he electronically filed the foregoing Response via the ECF system for the District Court of the Middle District of Pennsylvania, thus effecting service on all attorneys registered for electronic filing.

Dated:    January 4, 2017    Respectfully Submitted,

*/s/Mardi Harrison, Esq.*
Attorney for Objector
Shirley Morales