**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: SHOP-VAC MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2380<br>Civil Action No. 4:12-md-02380-YK<br>(Judge Yvette Kane) |
| THIS DOCUMENT RELATES TO:<br>All Cases | |

# CLASS PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL OBJECTOR-APPELLANT MICHELLE W. VULLINGS TO POST AN APPEAL BOND, PURSUANT TO FED. R. APP. P. 7

**DILWORTH PAXSON LLP**
James J. Rodgers
Penn National Insurance Plaza
2 North 2nd Street, Suite 1101
Harrisburg, Pennsylvania 17101
Telephone: (717) 236-4812
Facsimile: (717) 236-7811
Email: jrodgers@dilworthlaw.com

*Liaison Counsel*

## I. INTRODUCTION

Objector-appellant Michelle W. Vullings asserts that this Court "is without authority to impose a[n appeal] bond" that fully protects appellees against the cost of the groundless appeals that she and another objector have filed. ECF No. 222, at 4. But the Third Circuit said otherwise in *In re Nutella Mktg. & Sales Practices Litig*., 589 F. App'x 53 (3d Cir. 2014). Many cases, including post-*Nutella* decisions that Ms. Vullings has not attempted to address, have imposed appeal bonds in amounts comparable to the $32,000 that appellees seek here.

Ms. Vullings mischaracterizes *Nutella*, ignores or misconstrues other relevant case law, and mistakenly relies on pre-*Nutella* cases and opinions from other parts of the country that diverge from current Third Circuit law or address issues not presented here. This Court should exercise its discretion to require the posting of a $32,000 appeal bond.

## II. REPLY ARGUMENT

Ms. Vullings begins by misapplying *Nutella*. The District Court there imposed a bond of $22,500, which included settlement administrative expenses for a one-year period. 589 F. App'x at 61. The Third Circuit applied the abuse of discretion standard of review, and affirmed. *Id*.

Here, appellees similarly seek a bond that includes one year's worth of administrative expenses, which have been documented by an unrebutted Declaration from the settlement claims administrator. ECF No. 214-6. The bond amount sought here is only slightly more than that approved in *Nutella*. This Court unquestionably has the discretion to impose the requested bond.

Ms. Vullings's attempt to distinguish *Nutella* falls flat. In *Nutella*, the District Court noted that "the objectors, who were a geographically diverse group, did not provide any representations that they were able to pay the costs of an appeal." 589 F. App'x at 61. Here, the two objectors are from opposite ends of the country, and neither one has shown an ability to pay appeal costs. In fact, Ms. Vullings has effectively sworn to the contrary by stating that "it is

impossible for [her] to pay an appellate bond beyond one of a *de minimus* [sic] nature …." ECF No. 220-1, at 1, ¶4.

In *Nutella*, as Ms. Vullings concedes, ECF No. 222, at 6, "the objectors did not respond in a meaningful way to the plaintiffs' contentions that their appeals were meritless." 589 F. App'x at 61. The same is true here. Ms. Vullings has not even attempted to identify any errors contained in this Court's grant of final settlement approval, much less explained how she will overcome the abuse of discretion standard of review before the Third Circuit. *See*, *e.g.*, *In re NFL Players Concussion Injury Litig*., 821 F.3d 410, 426 (3d Cir. 2016) ("We review the decision to certify a class and approve a classwide settlement for abuse of discretion.").

Instead, Ms. Vullings has done nothing more than list her points of dissatisfaction with the settlement at the start of her brief and then contend that "[w]hether Vullings is pursuing frivolous arguments is a question best left to the Court of Appeals." ECF No. 222, at 12 (Point heading); *see id*. at 12-15 (reiterating that argument). She has made no argument, let alone a "meaningful" one, in response to this Court's repeated findings that her substantive positions are "meritless" or "lack[ing] merit." ECF No. 211 at 7 n.7, 13 n.11, 20; *see also* ECF No. 214-3, at 6-8 (detailing the Court's findings and conclusions regarding the lack of merit of Ms. Vullings's objections).[1]

Ms. Vullings's discussion of *Nutella* also omits the finding of the District Court there that "the Objectors appear to be objectors who repeatedly raise objections in class actions around the country." 589 F. App'x at 61. Ms. Vullings has not disputed that she is such an objector, and

[1] Ms. Vullings's related claim that she "has been responsive throughout this matter," ECF No. 222, at 6, overlooks her undisputed failure to make discovery, despite this Court's Order that required her to do so. *See* ECF No. 165, at 4 (containing that requirement); ECF No. 201 (discussing Ms. Vullings's failure to provide discovery). She remains in default of her discovery obligations, most likely because her response would show that she is not a class member.

that her counsel (her husband) is likewise a serial objector. See ECF No. 214-3, at 1 & n.1, 7 n.3 (summarizing history of Mr. and Ms. Vullings in objecting to class action settlements).[2]

In short, *Nutella* is directly on point factually, and it expressly upheld District Court discretion to impose an appeal bond that includes administrative expenses imposed on the settling parties by objector appeals. At least three cases since *Nutella* have done just that, and Ms. Vullings has no answer for those authorities. *In re Merck & Co., Inc. Securities, Derivative & "Erisa" Litigation*, MDL No. 1658, 2016 U.S. Dist. LEXIS 124726 (D.N.J. Sept. 14, 2016) (imposing $55,000 appeal bond); *Glaberson v. Comcast Corp.*, No. 03-6604, 2015 U.S. Dist. LEXIS 162710 (E.D. Pa. Dec. 3, 2015) ($28,150 bond); *Manuel v. Caliber Home Loans, Inc.*, No. 14-5233(SRC), 2015 U.S. Dist. LEXIS 143460 (D.N.J. Oct. 21, 2015) ($38,750 bond).[3]

Ms. Vullings cites *Rougvie v. Ascena Retail Group, Inc.*, No. 15-724, 2016 U.S. Dist. LEXIS 142404 (E.D. Pa. Oct. 14, 2016), another case where she and her husband unsuccessfully objected to a class action settlement. There, the court declined to include administrative charges in an appeal bond, but only because the appellees did not sufficiently describe those claimed administrative charges. *Id.* at *6, *13-14, *21. *Rougvie* "declin[ed] to set a bright line rule that a class can never obtain an appeals bond including administrative expenses," as Ms. Vullings

---

[2] The Vullings take issue with appellees' assertion that their objections never succeed, claiming that their objections in fact have "never failed on the Appellate level." ECF No. 222, at 5 (emphases omitted). But they offer not even one case where their objections have ever actually succeeded in reversing a final approval of a class action settlement, even though Mr. Vullings boasts on his law firm's website that he has represented "many people who chose to object to the fairness of the proposed settlements in these class actions." www.fairdebtlawyers.com (so stating under the heading "Consumer Class Actions") (last visited January 17, 2017).

[3] Ms. Vullings argues, without citing any authority, that the settlement relief here— a warranty extension worth at least $174,250,000 and injunctive relief requiring significant changes in the marketing of the subject vacuums— does not justify an appeal bond. ECF No. 222, at 6. That argument misses the point. No matter the nature of the settlement, an appeal creates costs for appellees, and appellees are entitled to have those costs bonded to ensure their payment.

demands, and cited *Glaberson* as an example of sufficient detail to justify bonding administrative expenses. *Id.* at *21. Appellees, through the Declaration of the settlement claims administrator, have provided that level of detail here. ECF No. 214-6.[4]

Ms. Vullings's other arguments are debunked by the weight of case law, including some cases that she herself cites. Her repeated claim, ECF No. 222, at 7, 9, 11, that an appeal bond of $32,000 is "astronomical," fails in light of the many cases that have ordered appeal bonds within that range.[5] Her assertion that the frivolity of her appeal cannot be considered as one of several factors in determining the proper amount of an appeal bond has been rejected by Ms. Vullings's own cited cases. *Nutella*, 589 F. App'x at 61 (noting District Court's statement about circumstances that "suggest that [objectors'] appeal in this case is meritless" as part of Third Circuit's review of appeal bond amount); *Rougvie*, 2016 U.S. Dist. LEXIS 142404, at *3 ("When we view an appeal as a coercive tactic with little merit, we may grant a motion requiring the appealing objector to post a bond to cover the class' costs and demonstrated administrative expenses incurred on appeal."). And her contention that appellees are required to provide minute detail to support their request for $25,000 in Rule 39 costs founders on *In re Ins. Brokerage Antitrust Litig.*, No. 04-5184, 2007 U.S. Dist. LEXIS 47659, at *42 (D.N.J. July 2, 2007), which

---

[4] Ms. Vullings's reliance on older cases within the Third Circuit, and cases from elsewhere, is misplaced. ECF No. 222, at 7-11. *Nutella* superseded the former, and the latter do not govern in this Circuit. A number of those cases, including *Azizian v. Federated Dep't Stores*, 499 F.3d 950 (9th Cir. 2007), and *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157 (E.D. Pa. 2010), the cases most often cited by Ms. Vullings, centered on demands to bond such things as appellate attorneys' fees, which appellees do not seek here.

[5] *See, e.g.*, *Nutella*, 589 F. App'x 53 (imposing $22,500 bond); *Merck*, 2016 U.S. Dist. LEXIS 124726 ($55,000 bond); *Glaberson.*, 2015 U.S. Dist. LEXIS 162710 ($28,150 bond); *Manuel*, 2015 U.S. Dist. LEXIS 143460 ($38,750 bond); *In re Ins. Brokerage Antitrust Litig.*, No. 04-5184, 2007 U.S. Dist. LEXIS 47659 (D.N.J. July 2, 2007) ($25,000 bond); *Am. Investors Life*, 695 F. Supp. 157 (E.D. Pa. 2010) ($25,000 bond); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2000 U.S. Dist. LEXIS 16085 (E.D. Pa. Nov. 6, 2000) ($25,000 bond).

rejected that same argument and imposed $25,000 for Rule 39 costs, and *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 167 n.10 (E.D. Pa. 2010) ("Although the plaintiffs did not present the Court with a figure based on the costs outlined in Rule 39, the Court finds $25,000 to be an appropriate amount.").

Ms. Vullings then cites two cases that refer to the value of objectors in some contexts. ECF No. 222, at 14. But those cases do not say that <u>every</u> objection has value. Objections that have been found to be "meritless" or "lack[ing] in merit," that are based almost entirely on an objector's failure to read the settlement papers, and that are filed by serial objectors who offer the same canned complaints in case after case and employ other "suspicious" tactics (*Khoday v. Symantec Corp.*, No. 11-cv-180 (JRT/TNL), 2016 U.S. Dist. LEXIS 55543, at *39-40 (D. Minn. April 4, 2016) (so referring to Mr. Vullings)), as here, do not merit the concern of the courts.

Finally, Ms. Vullings's attempt to show that she will be deprived of the right to appeal, "due to her limited means," ECF No. 222, at 12, if anything greater than a minimal bond is required, also fails. Her Declaration states only that if a full bond is imposed, her "appeal <u>may</u> effectively be over." ECF No. 220-1, at 2, ¶4 (emphasis added). That vague and speculative assertion falls far short of demonstrating inability to post a bond. Besides, in this appeal, Ms. Vullings is inseparable from her husband, the attorney who represents her. As an attorney, Mr. Vullings "has the apparent financial ability to post the bond." *See Glaberson*, 2015 U.S. Dist. LEXIS 162710, at *14 (making this observation as to objector who was a practicing attorney). Accordingly, Ms. Vullings cannot escape the obligation to bond her appeal.

## III. CONCLUSION

For the reasons set forth above, and in the moving papers, it is respectfully submitted that the Court should require an appeal bond of $32,000.

Dated: January 19, 2017

Respectfully Submitted,
**DILWORTH PAXSON LLP**

By: */s/ James J. Rodgers*
James J. Rodgers
jrodgers@dilworthlaw.com
Penn National Insurance Plaza
2 North 2nd Street, Suite 1101
Harrisburg, PA 17101
Telephone: (717) 236-4812
Facsimile: (717) 236-7811

*Liaison Counsel*

**FARUQI & FARUQI LLP**

By: */s/ Adam Gonnelli*
Adam Gonnelli
agonnelli@faruqilaw.com
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

*Class Counsel*

**LAX LLP**

By: */s/ Robert I. Lax*
Robert I. Lax
rlax@lax-law.com
380 Lexington Avenue, 31st Floor
New York, NY 10168
Telephone: (212) 818-9150
Facsimile: (212) 208-4309

*Class Counsel*

**MILBERG LLP**

By: */s/ Sanford P. Dumain*
Sanford P. Dumain
sdumain@milberg.com
Andrei Rado
arado@milberg.com
Jennifer Czeisler
jczeisler@milberg.com

One Penn Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Class Counsel*

**LITE DePALMA GREENBERG LLC**

By: */s/ Bruce D. Greenberg*
Bruce D. Greenberg
bgreenberg@litedepalma.com
570 Broad Street, 12th Floor
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

*Class Counsel*

**BARON & HERSKOWITZ**
Jon Herskowitz
jon@bhfloridalaw.com
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, FL 33156
Telephone: (305) 670-0101
Facsimile: (305) 670-2393

*Executive Committee Member*

**PINILISHALPERN LLP**
William J. Pinilis
wpinilis@consumerfraudlawyer.com
160 Morris Street
Morristown, NJ 07962
Telephone: (973) 401-1111
Facsimile: (973) 401-1114

*Executive Committee Member*

**REESE LLP**
Michael R. Reese
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Executive Committee Member*

**WALSH PLLC**
Bonner C. Walsh
bonner@walshpllc.com
3100 SCR 406
PO BOX 1343
Sonora, TX 76950
Telephone: (903) 200-6069
Facsimile: (866) 503-8206

*Executive Committee Member*