# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SHOP-VAC MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2380<br><br>Civil Action No. 4:12-md-02380-YK<br><br>(Judge Yvette Kane) |
| THIS DOCUMENT RELATES TO:<br>All Cases | |

**CLASS PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL OBJECTOR-APPELLANT SHIRLEY MORALES TO POST AN APPEAL BOND, PURSUANT TO FED. R. APP. P. 7**

**DILWORTH PAXSON LLP**
James J. Rodgers
Penn National Insurance Plaza
2 North 2nd Street, Suite 1101
Harrisburg, Pennsylvania 17101
Telephone: (717) 236-4812
Facsimile: (717) 236-7811
Email: jrodgers@dilworthlaw.com

*Liaison Counsel*

650801.1

I.     INTRODUCTION

Objector-appellant Shirley Morales asserts that "an appeal bond in this case is not appropriate." ECF No. 224, at page 1 of 14.  She would thus leave appellees <u>without any protection at all</u> against the costs that appellees will be forced to incur in opposing the groundless appeals that she and another objector have filed, including costs incurred by the settlement claims administrator that would not be incurred absent the appeals.  But the Third Circuit has long recognized that appeal bonds are appropriate, in the sound discretion of the District Court.

Most recently, in *In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53 (3d Cir. 2014), the Third Circuit expressly approved an appeal bond that included not only costs under Fed. R. App. P. 39, but also settlement administrative charges that would accrue during the pendency of objector appeals.  Many cases, including post-*Nutella* decisions that Ms. Morales has not attempted to address, have imposed appeal bonds in amounts comparable to the $32,000 that appellees seek here.

Ms. Morales mischaracterizes *Nutella*, relies primarily on a Tenth Circuit case that mistakenly failed to recognize that *Nutella* represents current Third Circuit law, and cites other cases that are wholly irrelevant.  With the applicable law against her, Ms. Morales then tries to evade that law by launching *ad hominem* attacks on class counsel, and by trying to repudiate her previous admission that she has objected to class action settlements before and extracted a payment for herself.  This Court should exercise its discretion to require a $32,000 appeal bond.

II.    REPLY ARGUMENT

Ms. Morales begins by asserting that appellees are required to provide minute detail in order to support their request for anything more than a *de minimis* amount of Rule 39 costs.  ECF No. 224, at pages 1-2 of 14.  But that argument founders on *In re Ins. Brokerage Antitrust Litig.*, No. 04-5184, 2007 U.S. Dist. LEXIS 47659, at *42 (D.N.J. July 2, 2007), which rejected that

1

same argument and imposed $25,000 for Rule 39 costs, and *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 167 n.10 (E.D. Pa. 2010) ("Although the plaintiffs did not present the Court with a figure based on the costs outlined in Rule 39, the Court finds $25,000 to be an appropriate amount."). Even *Schwartz v. Avis Rent a Car System, LLC*, No. 11-4052, 2016 U.S. Dist. LEXIS 101666 (D.N.J. Aug. 3, 2016), cited by Ms. Morales, where the court exercised its discretion to limit an appeal bond to Rule 39 costs only, imposed a $15,000 bond for such costs though the appellees there provided no breakdown as to Rule 39 costs. *Id*. at *12. This Court should exercise its discretion to award $25,000 in Rule 39 costs here, as in *Ins. Brokerage* and *Am. Investors Life*.

Ms. Morales then argues that "most sister courts" do not include administrative costs in appeal bonds. ECF No. 224, at page 2 of 14. That position is based almost entirely on *Tennille v. Western Union Co.*, 774 F.3d 1249 (10th Cir. 2014).[1] But though *Tennille* post-dated *Nutella*, *Tennille* overlooked *Nutella*, citing instead a prior Third Circuit case that did not involve administrative costs. *Id*. at 1255 (citing *Hirschensohn v. Lawyers Title Ins Corp.*, No. 96-732, 1997 U.S. App. LEXIS 13793 (3d Cir. June 10, 1997)).

"A Third Circuit federal district court is bound only by the pronouncements of the Third Circuit Court of Appeals." *Mohsen v. Gonzalez*, No. 07-237, 2007 U.S. Dist. LEXIS 52341, at *6 (D.N.J. July 18, 2007). "[A] decision of another circuit is not binding in this court." *Id*. (declining to follow a Fifth Circuit case) (citing *In re Mariel Cuban Habeas Corpus Petitions*, 822 F. Supp. 192, 195 (M.D. Pa. 1993) ("a decision of the Tenth Circuit [ ] is not binding in this court")). Thus, this Court should follow *Nutella*, which approved administrative charges as part of an appeal bond, not *Tennille*, especially since *Tennille* got Third Circuit law wrong.

---

[1] Ms. Morales briefly cites two other cases. ECF No. 224, at page 3 of 14. But neither of those cases was decided in the context of appeal bonds.

In *Nutella*, the District Court imposed a bond of $22,500, which included settlement administrative expenses for a one-year period. 589 F. App'x at 61. The Third Circuit applied the abuse of discretion standard of review, and affirmed. *Id*.

Here, appellees similarly seek a bond that includes one year's worth of administrative expenses, which have been documented by an unrebutted Declaration from the settlement claims administrator. ECF No. 214-6. The bond amount sought here is only slightly more than that approved in *Nutella*. This Court unquestionably has the discretion to impose the requested bond.

Ms. Morales summarizes *Nutella*, ECF No. 224, at page 4 of 14, but fails to deal with the fact that the present case is virtually identical to the facts there. In *Nutella*, the District Court noted that "the objectors, who were a geographically diverse group, did not provide any representations that they were able to pay the costs of an appeal." 589 F. App'x at 61. Here, the two objectors are from opposite ends of the country, and neither one has shown an ability to pay appeal costs. In fact, Ms. Morales's brief (unsupported, however, by any sworn Declaration) asserts that she "does not have the funds to pay the appeal bond (she has only been able to work part-time on a teaching salary ….)." ECF No. 224, at page 7 of 14.

In *Nutella*, as Ms. Morales concedes, ECF No. 224, at page 4 of 14, "the objectors did not respond in a meaningful way to the plaintiffs' contentions that their appeals were meritless." 589 F. App'x at 61. The same is true here. Ms. Morales has not even attempted to identify any errors contained in this Court's grant of final settlement approval, much less explained how she will overcome the abuse of discretion standard of review before the Third Circuit. *See, e.g., In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 426 (3d Cir. 2016) ("We review the decision to certify a class and approve a classwide settlement for abuse of discretion.").

3

650801.1

Instead, Ms. Morales has done nothing more than list her contemplated arguments, in purely conclusory fashion, and then cited a single case whose facts are utterly unlike those here. ECF No. 224, at pages 10-11 of 14 (citing *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013)).[2] She has made <u>no</u> argument, let alone a "meaningful" one, in response to this Court's repeated and detailed findings that her substantive positions are "meritless" or "lack[ing] merit." *E.g.*, ECF No. 211 at 13-15, 19-20, 20 n.16 (stating at length the Court's findings and conclusions regarding the lack of merit of Ms. Morales's objections).

Ms. Morales's discussion of *Nutella* also omits the finding of the District Court there that "the Objectors appear to be objectors who repeatedly raise objections in class actions around the country." 589 F. App'x at 61. Ms. Morales testified at deposition about her track record as a repeat objector who had obtained a payment in one of those prior cases, ECF No. 218-3, at 2 n.1, though her opposition brief now contradictorily asserts that she "is not a serial objector," ECF No. 224, page 10 of 14. Ms. Morales has not disputed, however, that her objections "inevitably fail." ECF No. 218-3, at 2 n.1 (demonstrating that her prior objections did not succeed).[3]

---

[2] In *Pampers*, the parties settled before the plaintiffs had even responded to a motion to dismiss. 724 F.3d at 716. The settlement provided only for (a) reinstatement of a refund program that the defendant had already offered, and which required class members who might seek that refund to present proofs of purchase that virtually no one would have saved, (b) the addition of unhelpful "rudimentary information" to the defendant's website, and (c) cy pres payments to third parties, but no real benefit to the class. *Id*. The District Judge there conducted a perfunctory final approval hearing and entered an approval order that same day that was purely "conclusory" and did little more than parrot the parties' proposed order. *Id*. at 717. In every respect, *Pampers* is a far cry from the present case, which was hotly litigated for four years, through multiple dispositive motions and discovery, and resulted in a significant financial benefit to every class member, as well as important changes to defendants' marketing of the vacuums. This Court granted final approval of that settlement only after a final approval hearing at which the Court probed counsel and a detailed written opinion that addressed all objections in detail.

[3] Ms. Morales protests that she "stands to pocket no money as a result of this appeal." ECF No. 224, at page 8 of 14. But that is disingenuous at best. She admittedly pocketed money as a result of a prior appeal and is undoubtedly looking to do so again here.

In short, *Nutella* is directly on point factually, and it expressly upheld District Court discretion to impose an appeal bond that includes administrative expenses imposed on the settling parties by objector appeals. At least three cases since *Nutella* have done just that, and Ms. Morales has no answer for those authorities. *In re Merck & Co., Inc. Securities, Derivative & "Erisa" Litigation*, MDL No. 1658, 2016 U.S. Dist. LEXIS 124726 (D.N.J. Sept. 14, 2016) (imposing $55,000 appeal bond); *Glaberson v. Comcast Corp.*, No. 03-6604, 2015 U.S. Dist. LEXIS 162710 (E.D. Pa. Dec. 3, 2015) ($28,150 bond); *Manuel v. Caliber Home Loans, Inc.*, No. 14-5233(SRC), 2015 U.S. Dist. LEXIS 143460 (D.N.J. Oct. 21, 2015) ($38,750 bond).

Ms. Morales quotes at length from *Rougvie v. Ascena Retail Group, Inc.*, No. 15-724, 2016 U.S. Dist. LEXIS 142404 (E.D. Pa. Oct. 14, 2016). There, the court declined to include administrative charges in an appeal bond, but only because the appellees did not sufficiently describe those claimed administrative charges. *Id*. at *6, *13-14, *21. *Rougvie* "declin[ed] to set a bright line rule that a class can never obtain an appeals bond including administrative expenses," as Ms. Morales demands, and cited *Glaberson* as an example of sufficient detail to justify bonding administrative expenses. *Id*. at *21. Appellees, through the Declaration of the settlement claims administrator, have provided that level of detail here. ECF No. 214-6.[4]

Ms. Morales then cites two cases that refer to the value of objectors in some contexts. ECF No. 224, at pages 9-10 of 14. But those cases do not say that <u>every</u> objection has value. Objections that have been found to be "meritless" or "lack[ing] in merit," that are based almost

---

[4] In language that Ms. Morales herself quotes, *Rougvie* also persuasively resolved any tension between *Nutella* and *Hirschensohn*, a case that ruled only that attorneys' fees could not be included in an appeal bond. *See* ECF No. 224, page 7 of 14 (quoting *Rougvie*, 2016 U.S. Dist. LEXIS 142404, at *16-17 ("Because the appeal bond in *In re Nutella* did not include attorneys' fees, *Hirschensohn* is not directly contrary. In *In re Nutella*, <u>our Court of Appeals held it is within our discretion to include administrative expenses in an appeal bond</u>.") (emphasis added). Appellees do not seek to include attorneys' fees in the requested appeal bond here.

entirely on an objector's failure to read the settlement papers, and that are filed by admitted know-nothing serial objectors who concededly violated the duty of candor by submitting a ghostwritten objection (penned by an attorney who herself is a serial objector), do not merit the concern of the courts.

Finally, on the theory that a good offense will make up for a flawed defense, Ms. Morales attacks class counsel. ECF No. 224, at pages 9, 13 of 14. Class counsel have fought this case for four years, in two different jurisdictions, against multiple corporate defendants represented by top-flight counsel, unlike Ms. Morales and her serial objector counsel, who sat on the sidelines until it was time to snipe at this valuable settlement in an effort to coerce a payment. Since Ms. Morales is trying to deprive class members of a settlement whose value this Court rightly found to exceed $174 million, it is Ms. Morales and her attorney, not class counsel, "whose agendas are not necessarily in the best interests of the class members." ECF No. 224, at page 13 of 14.

To the extent that Ms. Morales's argument is that appellees are demanding an exorbitant bond, that contention is debunked by the many cases that have imposed bonds in the range of the $32,000 sought here.[5] No one is "bullying" Ms. Morales for objecting or appealing. Appellees merely seek the protection to which the Third Circuit and numerous District Courts within this Circuit have said appellees are entitled.

### III. CONCLUSION

For the reasons set forth above, and in the moving papers, it is respectfully submitted that the Court should require an appeal bond of $32,000.

---

[5] *See, e.g.*, *Nutella*, 589 F. App'x 53 (imposing $22,500 bond); *Merck*, 2016 U.S. Dist. LEXIS 124726 ($55,000 bond); *Glaberson.*, 2015 U.S. Dist. LEXIS 162710 ($28,150 bond); *Manuel*, 2015 U.S. Dist. LEXIS 143460 ($38,750 bond); *Ins. Brokerage*, 2007 U.S. Dist. LEXIS 47659 ($25,000 bond); *Am. Investors Life*, 695 F. Supp. 157 (25,000 bond); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2000 U.S. Dist. LEXIS 16085 (E.D. Pa. Nov. 6, 2000) ($25,000 bond).

Dated: January 20, 2017

Respectfully Submitted,
**DILWORTH PAXSON LLP**

By: */s/ James J. Rodgers*
    James J. Rodgers
    jrodgers@dilworthlaw.com
Penn National Insurance Plaza
2 North 2nd Street, Suite 1101
Harrisburg, PA 17101
Telephone: (717) 236-4812
Facsimile: (717) 236-7811

*Liaison Counsel*

**FARUQI & FARUQI LLP**

By: */s/ Adam Gonnelli*
    Adam Gonnelli
    agonnelli@faruqilaw.com
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

*Class Counsel*

**LAX LLP**

By: */s/ Robert I. Lax*
    Robert I. Lax
    rlax@lax-law.com
380 Lexington Avenue, 31st Floor
New York, NY 10168
Telephone: (212) 818-9150
Facsimile: (212) 208-4309

*Class Counsel*

**MILBERG LLP**

By: */s/ Sanford P. Dumain*
    Sanford P. Dumain
    sdumain@milberg.com
    Andrei Rado
    arado@milberg.com
    Jennifer Czeisler
    jczeisler@milberg.com

650801.1

One Penn Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Class Counsel*

**LITE DePALMA GREENBERG LLC**

By: */s/ Bruce D. Greenberg*
   Bruce D. Greenberg
   bgreenberg@litedepalma.com
570 Broad Street, 12th Floor
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

*Class Counsel*

**BARON & HERSKOWITZ**
Jon Herskowitz
jon@bhfloridalaw.com
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, FL 33156
Telephone: (305) 670-0101
Facsimile: (305) 670-2393

*Executive Committee Member*

**PINILISHALPERN LLP**
William J. Pinilis
wpinilis@consumerfraudlawyer.com
160 Morris Street
Morristown, NJ 07962
Telephone: (973) 401-1111
Facsimile: (973) 401-1114

*Executive Committee Member*

**REESE LLP**
Michael R. Reese
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

8

650801.1

*Executive Committee Member*

**WALSH PLLC**
Bonner C. Walsh
bonner@walshpllc.com
3100 SCR 406
PO BOX 1343
Sonora, TX 76950
Telephone: (903) 200-6069
Facsimile: (866) 503-8206

*Executive Committee Member*

9

650801.1