IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SHOP-VAC MARKETING AND SALES PRACTICES LITIGATION | : : : : : : : : | MDL No. 2380<br><br>No. 4:12-md-2380<br><br>(Judge Kane) |
| THIS DOCUMENT RELATES TO: | | |
| ALL CASES | | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Objector-Appellant Michelle Vullings' Motion to Stay Appeal Bond Requirement and Return All Posted Appeal Bonds Pending Appeal. (Doc. No. 229.)

On February 8, 2017, this Court granted in part Class Plaintiffs' motions to compel Objector-Appellants Michelle Vullings and Shirley Morales to post an appeal bond pursuant to Federal Rule of Appellate Procedure 7. (Doc. No. 227.) Specifically, the Court required Objector-Appellants Vullings and Morales to each file a bond in the amount of $5,000 within fourteen days of the Order. (Id.) On February 20, 2017, Vullings filed a notice of appeal of this Court's February 8, 2017 Order. (Doc. No. 228.) On February 21, 2017, Vullings filed the pending motion to stay the appeal bond requirement and return the posted appeal bond. (Doc. No. 229.)

In the pending motion, Objector-Appellant Vullings argues that: (1) she will likely prevail in her appeal; (2) she will be irreparably harmed; and (3) the issuance of a stay would not harm the Class, Class Counsel, or the Defendants.[1] (Doc. No. 229 at 2-5.) Vullings also remarks

---

[1] "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (internal citations omitted). However, during the pendency of an

1

that the United States Court of Appeals for the Third Circuit has "not yet completely addressed" the "the scope of an appeal bond" under Federal Rule of Appellate Procedure 7.  (Id. at 4.)

"A stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"  Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).  The factors relevant to the issuance of a stay are as follows: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987) (internal citations omitted); see In re Uponor, Inc., No. 11-2247, 2012 WL 4328370, at *1 (D. Minn. Sept. 20, 2012).

Here, Objector-Appellant Vullings has not met her burden of showing that the circumstances warrant a stay of the appeal bond requirement or, alternatively, the return of Vullings' appeal bond.  See Nken v. Holder, 556 U.S. at 433-34.  First, as to the likelihood of success on the merits, Vullings appears to challenge the reasonableness of the requirement to post an appeal bond in the amount of $5,000.  (Doc. No. 229 at 3.)  Vullings does not meaningfully support her challenge or discuss how she would estimate the costs on appeal.  Fed. R. App. P. 7.  Second, as to irreparable harm, Vullings argues that if her "appeal bond is not returned in full pending her appeal, she will be irreparably harmed as the output of these funds

---

appeal, a district court is not "without jurisdiction to issue orders regarding the filing of bonds or supersedeas bonds, or to modify, restore, or grant injunctions." Id. at 121 (citing Federal Rules of Appellate Procedure 7 and 8); see Transamerica Occidental Life Ins. Co. v. Total Sys., Inc., No. 08-CV-1323, 2011 WL 2447520, at *1 (D.N.J. June 14, 2011) (quoting In re Advanced Electronics, Inc., 283 F. App'x. 959, 963 (3d Cir. 2008)).

will cost Ms. Vullings interest by the day." (Doc. No. 229 at 4.) The Court is unpersuaded by Vullings' speculative, time-value-of-money argument. See <u>Schroeder v. City of Chicago</u>, 927 F.2d 957, 960 (7th Cir. 1991) ("[A] loss of the time value of money … is not considered an irreparable harm, even though it is a real loss, and even if there is no way to recover it."). Similarly, as to the third and fourth prongs, Vullings does not provide any meaningful support for her assertions that the issuance of a stay would not injure the Class, Class Counsel, or Defendants and that the public interest supports the issuance of a stay. (Doc. No. 229 at 4.)

**ACCORDINGLY**, on this 23rd day of February 2017, **IT IS ORDERED THAT** Objector-Appellant Michelle Vullings' Motion to Stay Appeal Bond Requirement and Return All Posted Appeal Bonds Pending Appeal (Doc. No. 229), is **DENIED**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
